## Roberts *vs*. Mathews.

1. Where suit was brought on a written contract for an effort by the plaintiff to procure for the defendant a loan of $2,000 for five years on landed security, by the terms of which the sum of $280 was to be paid to the plaintiff if he procured the loan, or if he failed by the fault of the defendant in not securing the money loaned by a first mortgage on the land described in " an application for a loan on real estate," made to the plaintiff, the title to the said real estate to be good and sufficient; and where the plaintiff failed to procure him the loan, but sued on the alleged breach of the contract by the defendant in not making the mortgage when required, a plea to the effect that the plaintiff knew that the loan was to be consummated by December 1, 1884, and that he agreed to negotiate it by that time, but utterly failed to obtain the money by that date, was good, and should not have been stricken on general demurrer. The entire contract was not embraced in the writing; parol evidence was admissible to supply the omission; and such a plea did not seek to vary the written contract by parol.

(*a*) Besides, there was written evidence that the loan was to be consummated and the money paid to the defendant by December 1, 1884, resulting from the fact that the plaintiff tendered to the defendant for signature a mortgage and notes due December 1, 1889, with coupon notes falling due within the five years from December 1, 1884.

2. Where such a contract contained the following clauses: " But if he fails to negotiate said loan without fault of mine or any defect in my title, then he is to recover no compensation at all,  .  .  . and with the further understanding that I am to accept said loan and secure it as stipulated, and if I do not, for any reason, secure and accept said loan, then I agree to pay said H. T. Mathews (the plaintiff) the sum specified below, just as though I had accepted

said loan;'' and where there was no stipulation in the contract for a waiver of homestead and exemption,—a plea which alleged that, after December 1, 1884, the plaintiff applied to the defendant to execute and deliver a mortgage for the purpose of obtaining the money, but that the plaintiff did not then offer to pay the money upon the delivery of the mortgage deed, and that the mortgage was not such as was contemplated in the contract, but contained a covenant waiving all benefit of homestead and exemption laws of this State, not only as to the property mortgaged, but as to all other property owned by the defendant, was a good plea, and should not have been stricken on general demurrer.

(a.) This would not be affected by an agreement in the contract to "authorize, ratify and confirm every act and thing the said H. T. Mathews may do in negotiating said loan." Such a stipulation would refer to every act and thing touching the parcels of land to be mortgaged to secure the loan.

3. In a suit by the plaintiff to enforce such an executory contract, a plea which alleged that, by the contract made for the loan by the plaintiff, the entire sum to be paid him for his services was usurious, because the plaintiff was really the agent of the company alone from which he proposed to borrow the money, and that every cent of it went or was to go to the company over and above all legal interest, and only a part of it would have been paid to the plaintiff by said company as compensation for his services in lending money for said company, was a good plea, and should not have been stricken on demurrer. This plea attacked the legality of the contract, and did not require the particularity of a plea setting off usury or setting up usurious payment.

November 23, 1886.

Contracts. Evidence. Pleadings. Principal and Agent. Interest and Usury. Before Judge CARSWELL. Scriven Superior Court. May Term, 1886

Reported in the decision.

BLACK, DELL & WADE, for plaintiff in error.

HOBBY & MATHEWS ; T. H. POTTER, by brief, for defendant.

JACKSON, Chief Justice.

Mathews sued Roberts on a promise made by the latter to pay him two hundred and eighty dollars for an effort

to procure the latter a loan of two thousand on landed security for five years, the said sum of two hundred and eighty dollars to be paid Mathews if he procured the loan, or if he failed by the fault of Roberts in not securing the money loaned by a first mortgage on the land described in an "application for a loan on real estate" made to Mathews—the title to the said real estate to be made good and sufficient.

Mathews failed in procuring the loan, but sued on the alleged breach of contract by Roberts by not making the mortgage when required by Mathews. The jury found for plaintiff the stipulated sum of money, and Roberts excepted to the refusal of a new trial on several assignments of error to this court.

1. The first assignment is error in striking a plea to the effect that Mathews knew that the loan was to be consummated by the 1st of December, 1884, and that he agreed to negotiate the loan by that time, but utterly failed to obtain the money by that date. The court struck this plea because, in its judgment, it would vary the written contract by parol evidence. But the entire contract is not in the writing sued on. No time is therein specified within which the loan is to be accomplished, and reference is distinctly made therein to a paper denominated "application for a loan on real estate," in which the parcels of land to be mortgaged as security for the loan are described, the same not being set out at all in the written contract.

This court has held repeatedly that where the entire contract is not embraced in the writing, parol evidence is admissible to fill up the omission. Moreover, there is evidence in writing to show that the 1st of December, 1884, was the day agreed upon for the loan to be consummated and the money to be paid to Roberts. This written evidence is furnished by Mathews himself, who presented for Roberts's signature the mortgage and note due on the 1st of December, 1889, the very note and mortgage to be given by Roberts on the parcels of land bargained to be security

for the loan. Moreover, this mortgage had coupon notes attached to it for the interest payable on the loan from time to time, and these notes bore interest, every one of them falling due all along during the five years of the loan from the 1st of December, 1884. Thus there is written evidence to show the truth of the plea, and the issue made by it should have gone to the jury. *Kemp & Mock vs. Byne,* 54 *Ga.* 527 ; *Barclay vs. Hopkins,* 59 *Ga.* 562, and following cases.

2. The next assignment is that the court erred in striking the 2d plea.

This plea is to the effect that, after the 1st of December, 1884, plaintiff did apply to defendant to execute and deliver the mortgage for the purpose of obtaining the money, but that he did not then offer to turn over the money upon the delivery of the mortgage deed, and that the mortgage deed was not such as was contemplated in the contract, but contained a covenant waiving all benefit of homestead and exemption laws of this State, not only to the property mortgaged, but to all other property owned by defendant.

The contract sued on has this clause in it, " But if he fails to negotiate said loan without fault of mine or any defect in my titles, then he is to receive no compensation at all;" and further this, " and with the further understanding that I am to accept said loan and secure it as stipulated, and if I do not, for any reason, so accept and secure said loan, then I agree to pay said H. T. Mathews the sum specified below, just as though I had accepted said loan."

There is no stipulation in the contract about waiver of homestead and exemption, even of the land to be mortgaged to secure the loan, but perhaps that might be inferred from the pledge of good title to that land, and from the promise to " authorize, ratify and confirm every act and thing the said H. T Mathews may do in negotiating said loan ;" but surely it was not in contemplation to make the waiver extend to all the property Roberts owned. The very broad words, " authorizing, ratifying and confirming

Roberts *vs.* Mathews.

every act and thing," must mean every act and thing touching the parcels of land to be mortgaged in order to get the loan—not every act or thing Mathews should do literally of all sorts. If so, it would be to put himself absolutely in Mathews's hands in regard to everything he had on earth for procuring the loan of $2,000.00 for five years. It would be to give a construction wholly unreasonable and incomprehensible, unless Roberts was so idiotic as to need a guardian; and if so, the contract would be a nullity.

We think, therefore, that this plea, if true, went to the vitals of the case, and the issue it made should be passed upon by a jury. The demurrer being oral and general, if this or the other pleas stricken need amendment, it may be made.

3. The third plea stricken is that, by the contract made for the loan by Mathews, the entire sum to be paid him for his services was usurious, because the plaintiff was really the agent of the company alone from whom he proposed to borrow the money, and that every cent of it went or was to go to the company over and above all legal interest, and only a part of it would have been paid to said plaintiff by said company as compensation for his services in lending money for said company.

This was stricken because it had not that particularity necessary in a plea setting off usury or setting up usurious payment. But this is not such a plea at all. It is a bargain for an executory contract made between the company and the plaintiff, whereby the defendant was to be made to pay usury to the company for the loan of the money to Roberts. If true, it is a device whereby an illegal contract is made apparently legal by being covered up with a bargain between principal and agent, by which the agent, in the shape of money paid him by the borrower, procures from the borrower for the lender more than legal interest in the teeth of the words of the statute against usury;—not being a plea of usury agreed to be

paid by Roberts, or a plea of usury actually paid by him, but a plea setting up an illegal contract between the principal and agent, if they had succeeded, to get usurious interest from him; and this suit, according to the plea, being brought to recover the very money that was to be all usurious and not recoverable, it has only to be plainly and distinctly pleaded as all other defences, and not with that particularity demanded in suits for usury or pleas of set-off therefor. Code, §2057 (a) to (g), inclusive.

The issue made on this plea is also for jury trial. All these pleas were stricken on general, oral demurrer. Our conclusion, therefore, is, that the court below should not have stricken these pleas; and this error, without more, makes a new trial necessary.

Judgment reversed.