310　　　　　　GREGG v. GROESBECK.

*Messrs. Brown & Henderson, Mr. E. D. Hoge,* for appellants.

*Mr. C. S. Varian, Messrs. Zane & Putnam,* for respondents.

MERRITT, C. J.:

SMITH, J., concurs.

---

F. E. GREGG, DOING BUSINESS AS F E. GREGG & CO., RESPONDENT, *v.* HYRUM GROESBECK AND OTHERS, DEFENDANTS, HENRY M. RYAN, APPELLANT.

1. PROMISSORY NOTE.—INDORSEMENT.—JUDGMENT ON THE PLEADINGS.—In an action upon a promissory note plaintiff sued, among others, one R. as indorser, whose name appeared upon the back of the note indorsed thereon in blank. R. filed his separate answer stating that one of his co-defendants who held the note for sale had promised him to erase his name before selling the note, and that plaintiff, to whom the same was transferred, accepted it with knowledge of such agreement, but by mistake or inadvertence the indorsement was not erased. *Held,* that these facts constituted a good defense to an action against R.

as. indorser, and that the court erred in striking his answer from the files as sham and frivolous.

2. ID.—ID.—PAROL EVIDENCE.—In an action upon a promissory note against an indorser parol evidence is admissible, not to vary or contradict the indorsement, but to prove that there is. no indorsement—that the contract of indorsement was never consummated.

3. PLEADING.—JUDGMENT-ROLL.—REVIEW ON APPEAL.—Though a pleading be stricken from the files, it is still a part of the judgment roll, and error in striking it out may be reviewed. on    appeal from the judgment alone.

(No. 536.   Decided April 27, 1895.   40 P. R. 202.)

APPEAL from the District Court of the Third Judicial District.   Hon. Samuel A. Merritt, *Judge.*

Action by F. E. Gregg, doing business as F. E. Gregg & Co., against Hyrum Groesbeck, Nicholas Groesbeck, Henry M. Ryan, Alexander Wood, and P. H. Rasche, defendants, of whom Henry M. Ryan is appellant.   The separate answer of Henry M. Ryan was stricken out as sham and frivolous and judgment entered on the pleadings, from which he: appeals.   *Reversed.*

*Mr. T. J. Anderson,* for appellant.

Under our practice there is no authority for a court to render judgment summarily against a defendant on the pleadings.   2 Comp. Laws, § 3239, provides, "sham and irrelevant answers, and irrelevant and redundant matter inserted in the pleadings, may be stricken out on such terms as the court may in its discretion impose," but this means, or at least ought to mean, a legal and not an arbitrary discretion, such as rendering judgment summarily against the defendant without granting him the privilege of amending upon terms.   A motion for judgment on the pleadings is ordinarily called a "cut-throat demurrer."

The practice is wrong and unauthorized by our statute. "It seems that the plaintiff cannot move for a judgment, as on a frivolous plea, unless the answer as an entirety is frivolous." 3 Estee's Plead. § 4610. If Rasche held the note as agent to sell, and his instruction was to erase appellant's name and plaintiff bought it knowing this instruction, then appellant is not liable, as plaintiff did not purchase the indorsement. "The instructions will not limit the authority of the agent, as against the third person dealing with him, unless this person has notice of these restrictive instructions." Tiedman on Com. Paper, § 81. "It is in the next place to be noted that the rule is not infringed by the admission of parol evidence showing that the instrument is altogether void, or that it never had any legal existence or binding force, either by reason of fraud or for want of due execution and delivery, etc." 1 Greenleaf's Ev. § 284. "It may always be shown by parol evidence that indorsement was procured by fraud, accident or mistake." Tiedman on Com. Paper, § 274. Where fraud, accident or mistake is alleged, parol evidence is admissible to vary, qualify or contradict the terms of a written contract where the oral agreement was made at the indorsing of a bill or note. *Forsyth* v. *Kimball,* 91 U. S. 291; *Brennan* v. *Furniss,* 90 Pa. St. 186; *Hill* v. *Ely,* 5 Serg. & R. 363; *Kirkham* v. *Boston,* 67 Ill. 599; *Lewis* v. *Dunlap,* 72 Mo. 178; *Hamburger* v. *Miller,* 48 Md. 325; Wharton's Law of Ev. §§ 1059–1060.

*Mr. Frank B. Stephens* and *Mr. Benner X. Smith,* for respondent.

There is nothing the court can review on this appeal. The appeal is from the judgment taken upon the judgment roll. There is no bill of exceptions saving the motion and the order made thereon to strike out the answer and

for judgment on the pleading. Without a bill of exceptions there is nothing for the court to review, neither the notice of motion for judgment on the pleadings, nor the order made upon such motion can be considered without a bill of exceptions. *Douglas* v. *Dakin,* 46 Cal. 50; *McAfee* v. *Randall,* 41 Cal. 136; *Emerick* v. *Alvarado,* 64 Cal. 594; *Lowell* v. *Parkinson,* 4 Utah, 64; *Reever* v. *White,* 8 Utah, 188; *Perego* v. *Dodge,* 9 Utah, 3; *Harper* v. *Minor,* 27 Cal. 107; *Spencer* v. *Scott,* 97 Cal. 181; *Pedrerena* v. *Hotchkiss,* 95 Cal. 636; *Hemme* v. *Hayes,* 55 Cal. 337; *Strathern* v. *Dakin,* 63 Cal. 478; *Nash* v. *Harris,* 57 Cal. 242. Upon the merits the answer stated no defense. It was clearly sham and frivolous, Wood and Ryan were the payees and both indorsed the note in blank. Plaintiff purchased the note for a valuable consideration before maturity, and has ever since been the owner and holder thereof. There is no allegation of agency whatever in the answer, and for aught that appears therein Rasche was the owner of the note, and after he became such owner Ryan exacted a promise from him that on the transfer of the same his name should be erased. Ryan could not plead this defense against Rasche if Rasche was plaintiff, and consequently can not plead this defense against the plaintiff, who is the vendee of Rasche.

"Indorsements in blank, written on promissory notes, constitute well defined contracts, and parol evidence cannot be admitted to explain them." 1 Greenleaf on Ev. § 276, note. "A mutual mistake which will afford ground for relief means a mistake reciprocal and common to both parties, who alike labor under a misconception in respect to the terms of the written instrument." Rice on Ev. vol. 1, 298. It is not alleged that the delivery was made under a mistake, and the allegations do not set up that the mistake is material, mutual, shared in by all the parties to the transaction, unintentional, or free from negligence.

See 15 Enc. of Law, 645. Appellant was payee on the note and his name appears upon the back indorsed in blank regularly, and the authorities are settled that he cannot by parol evidence vary the terms of his express contract or indorsement. Tiedman on Com. Paper, *supra; Dale* v. *Gear*, 38 Conn. 15; *Martin* v. *Cole*, 104 U. S. L. Ed. 647; *Remier* v. *Bank*, 9 Wheat. 587; *Brown* v. *Wiley*, 20 How. 442; *Specht* v. *Howard*, 16 Wall. 564. In the case of *Lee* v. *Pyle*, 37 Ind. 107, cited in Randolph on Com. Paper, § 779, the defendant was sued as indorser by his immediate indorsee upon a promissory note. He filed a plea to the effect that the note was given to the plaintiff in exchange for certain property, and that it was expressly agreed that the note should be accepted as payment under the contract of exchange, and that plaintiff would not rely on the defendant for payment, and that defendant indorsed the note simply to transfer his ownership, and was not to be held liable as assignor, and that the words "without recourse," were omitted in making the indorsement. The court held that these allegations being a part of the verbal agreement at the time of the indorsement and delivery of the note, its existence could not be legally proved for the reason that it would be in contradiction of the legal effect of the indorsement, citing: *Wilson* v. *Black*, 6 Blackf. 509; *Blair* v. *Williams*, 7 Id. 132; *Campbell* v. *Robbins*, 29 Ind. 271. See, also, *Courtney* v. *Hogan*, 93 Ill. 101; *Skelton* v. *Dustin*, 92 Ill. 49; *Mason* v. *Burton*, 54 Ill. 349; *Beatty* v. *Brown*, 64 Ill. 360; *Johnson* v. *Glover*, 121 Ill. 283; *Eaton* v. *Mahone*, 42 Wis. 484; *Charles* v. *Dennis*, 42 Wis. 56; *American Co.* v. *Clark*, 47 Io. 671; *Kern* v. *Van Phul*, 7 Minn. 426; *Doolittle* v. *Ferry*, 20 Kas. 230; *Farsin* v. *Hubbard*, 55 N. Y. 465; *Altman* v. *Anton*, 60 N. W. R. (Io.) 191; *Bank of U. S.* v. *Dunn*, 31 U. S. 51.

KING, J.:

Hyrum Groesbeck and Nicholas H. Groesbeck executed their promissory note in favor of Henry M. Ryan and Alexander Wood. Plaintiff, in his complaint, alleges that he purchased said note, after its indorsement by the payees and P. H. Rasche, for a valuable consideration, and before maturity, and that said indorsement was a part of the consideration inducing the purchase. Defendant Ryan filed a separate answer, the other defendants having defaulted, in which he averred that the defendant Rasche sold and transferred said note to plaintiff, but prior thereto the defendant Ryan specially ordered and instructed him, in case he should sell or transfer said note, that at or before making such transfer he should erase Ryan's name from the back, as an indorser; that Rasche expressly promised and agreed that he would do so, and would not transfer the note with Ryan's indorsement thereon; that, at the time of the sale and transfer of the note to the plaintiff, he was expressly informed of the agreement between Ryan and Rasche, and the said instructions given by the former to the latter; that the plaintiff then purchased and received said note understanding that the transfer was to be without recourse upon the defendant Ryan, and that the latter was not to be responsible as an indorser; and that the plaintiff purchased and took said note with this understanding and agreement. Defendant further avers that, owing to mistake and inadvertence of the plaintiff and Rasche, Ryan's name was not erased from the back of said note as was agreed and understood between them (plaintiff and Rasche). Plaintiff filed a motion to strike out the answer as sham, and for judgment on the pleadings, which was overruled. Afterwards he moved to set aside the order denying this motion, and for judgment on the pleadings, and upon this motion the court entered the following judgment: "It is therefore ordered and

adjudged that the order of this court heretofore entered on the 17th day of February, 1894, overruling the plaintiff's motion for judgment on the pleadings, be set aside and vacated; that the answer of the defendant be stricken from the files as sham and frivolous. And it is further ordered and adjudged that the plaintiff do recover of the defendant Henry M. Ryan the sum of," etc.

The assignments of error relate to the action of the court in striking from the files defendant's answer, and present for determination the question of its sufficiency as a defense. Respondent insists that, conceding the truth of the averments therein contained, no facts constituting a defense were presented, and no proof would be admissible under it, for the reason that it would tend to vary the terms of the written instrument upon which suit was brought. Appellant's contention is that the rule forbidding parol evidence to contradict written instrument has no application to this case.

The answer is very ambiguous and uncertain, and is clearly demurrable. There is some doubt as to the meaning of various allegations. But a demurrer is very different from a motion to strike a pleading from the files, although the practice is too often indulged in to substitute the latter for the former. An answer which may be subject to demurrer may be invulnerable when assailed by a motion to strike out. Upon a motion of this character the court is to be guided by the statute, which declares that, "in the construction of a pleading for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties." 2 Comp. Laws, § 3228. Keeping in view this just statutory provision, let us ascertain what the answer means. In doing this it should be construed as a whole. Isolated sentences may convey an erroneous idea, and superfluous averments form no part of the pleading, and,

upon a motion like that submitted in this case, may be disregarded, though they seem to be at variance with the material and substantial allegations therein. The meaning and intention of the pleader are the paramount considerations in determining the sufficiency of a pleading. Even if the meaning be obscure, and the language expressing it dark and uncertain, the court ought not to strike an answer from the files, if, by fair interpretation, the meaning can be discovered, and the facts alleged present a defense. While there are superfluous allegations in defendant's answer, and others are obscure, we think that applying a just and liberal interpretation, the meaning of the defendant is obvious. It was to defend upon the ground that defendant Rasche was Ryan's agent, and as such was instructed by his principal (Ryan) to erase or destroy the latter's indorsement of the note prior to the sale and the further ground that the plaintiff knew of this agency, and the instructions given to the agent, and purchased the note without the indorsement of the defendant. This, we think, is fairly deducible from the answer.

Respondent contends that it contains no averments of agency, and that the only construction of which it is susceptible is that Ryan was not to be responsible as an indorser, but that the note was sold and transferred by Rasche with the indorsement thereon, and with the intention that it should remain, but with the understanding that the plaintiff took it without recourse upon Ryan. And one portion of the answer warrants this construction. But a consideration of the preceding allegations, and the one which follows, separated only by a semicolon, reveals the true meaning of the pleader. It is true that the answer contains no direct allegation of Rasche's agency, but it avers that instructions were given him. Agency may be well pleaded without employing the word "agent." But it is doubtful whether the question of agency is involved in this case.

If Rasche were acting entirely for himself in vending the note, he had a right to erase Ryan's name prior to the sale; and if he were acting for appellant, and was instructed to destroy the indorsement before disposing of the note, it was his duty to do so.    Placing the interpretation upon the answer which we think, in view of the motion, it was entitled to, the question is, did it present any defense? With the general rule that indorsements in blank written on promissory notes constitute well-defined contracts, and parol evidence cannot be admitted to contradict, vary, or explain them, we fully concur.    Respondent relies on the case of *Martin* v. *Cole*, 104 U. S. 30, in support of his position that no defense was stated by the answer.    A broad distinction exists between that case and the one now under consideration.    Martin sold and transferred, by indorsement in blank, the promissory note of one Webb to Cole, who sued Martin on his indorsement.    Martin alleged in his answer that at the time he indorsed the note to Cole there was an agreement that Martin should not be held liable on the indorsement, but that his name was written as an indorser solely to enable Cole to sue the maker in his own name, and that without such agreement he would not have signed his name on the back.    Evidence in support of these averments was rejected.    There can be no doubt of the correctness of this ruling. . Martin intended to indorse the note, and transferred it intending that his name should be on the note.    Under such circumstances the law closes his mouth, and forbids testimony of an oral contemporaneous agreement *dehors* the indorsement.    But if his indorsement was there by mistake, or if, prior to the transfer of the note, he attempted to erase it, but failed, and disposed of the note under the belief that the erasure had been consummated, and the purchaser was cognizant of such facts, and took the note in view of them, an entirely different case would have been presented.

Respondent's counsel discuss the case at bar upon the hypothesis that appellant designed the note to be transferred accompanied by his indorsement, but with an agreement of non liability as an indorser. If such had been the case their position would have been impregnable. If Ryan's instructions to Rasche were that the note should be sold with his name thereon as an indorser, but with the understanding that the indorsee should take it without recourse, then the case would come within the rule announced in *Martin* v. *Cole,* and he would have no standing in court. The question presented is not what the parties intended the indorsement to mean, or what they designed the legal effect to be, but whether as between the appellant and respondent, the former's indorsement had any existence whatever; in other words, did the plaintiff purchase the note with the defendant's name thereon? If he did not purchase defendant's indorsement, he cannot recover, and the answer states a valid defense. And whether the failure to erase defendant's name resulted from fraud, or the negligence or mistake of Rasche, it is immaterial. So long as the note was in defendant's possession or under his control, he had the right to destroy his indorsement. If he trusted his agent to erase it, and he omitted to do so, but transferred after fully advising the transferee of his instructions and the design of his principal, the purchaser takes the note without the indorsement, though the name appears thereon; and parol evidence is admissible, not to vary or contradict the indorsement, but to prove that there is no indorsement,—that the contract of indorsement was never consummated. A promissory note in the hands of the payee, or a holder with notice, may be shown by parol evidence to have been paid in full or in part. The written contract is not varied or changed, but it is shown not

to have an existence, or that it has been wholly or partially annulled or destroyed as a contract.

While not directly in point, the case of *Burke* v. *Dulaney,* 153 U. S. 228, 14 Sup. Ct. 816, is in line with the views. herein expressed. The court say: "In other words, according to the evidence offered and excluded, the written instrument upon which this suit is based was not, except. in a named contingency, to become a contract or a promissory note, which the payee could at any time rightfully transfer. Evidence of such an oral agreement would show that the contingency never happened, and would not be in contradiction of the writing. It would prove that there never was any concluded, binding contract entitling the party who claims the benefit of it to enforce its stipulations." And in the case at bar parol evidence offered under the answer would prove that no contract of indorsement was ever concluded. It would destroy the *prima facie* evidence of the existence of an indorsement, but. would not vary or contradict it, and would be of like character as evidence tending to show the "contingency never happened. * * * Evidence to vary the terms of an agreement in writing is not admissible, but evidence to show that there is not an agreement at all is admissible." *Pym* v. *Campbell,* 6 El. & Bl. 370. Parol evidence is admissible to prove that an indorsement upon a promissory note is not a consummated contract, and to relieve the· indorser, where the note had been converted by the plaintiff,. after indorsement, and he had paid the indorser, who was. payee, the face of the same. *Haas* v. *Sackett* (Minn.), 41 N. W. 239. Suppose a principal should execute a bill of sale of an animal, leaving a blank for the vendee's name, and include therein a warranty, and place the instrument. and animal in the hands of his agent to dispose of, and, prior to the sale, instructs his agent to erase from the instrument the portion containing the warranty, and to·

deliver the bill of sale to the purchaser of the animal, and the agent, before the sale, informs the vendee of his instructions, and they agree that the warranty shall be eliminated, but it is neglected, can it be contended that the principal would be liable on the warranty, and, if sued, could not produce parol evidence that it never was consummated as a contract between them,—in other words, to destroy it? Again, suppose the payee of a note, through mistake, should indorse it, and thereafter, in ignorance of the fact, sell it to a person who was likewise ignorant of the indorsement, and dealt with the payee, and purchased it, relying alone on the maker, and, upon discovering the indorsement, should bring suit against the indorser, could it be seriously contended that parol evidence offered to show the agreement between the parties, and the manner in which the name was placed upon the note, would be inadmissible? It is unnecessary to advert to the well-settled rules permitting parol evidence, in cases of fraud, mistake, etc., as this case presents a different question. We are of the opinion that it was error to strike the defendant's answer from the files.

But respondent contends, even if the court erred, its action cannot be reviewed by this court, for the reason that the appeal was taken on the judgment roll alone, and "its proceedings under the several motions are not presented." It would be a work of supererogation, in view of the wealth of learning found in the decisions of California and other states having a procedure act similar to ours, and of the lucid provision of our Code, to discuss the province of bills of exception and statements on appeal. Of course, this appeal is to be determined solely upon the questions presented by the judgment roll. The Code of Civil Procedure provides "that the pleadings, a copy of the verdict of the jury or findings of the court or referee,

all bills of exceptions taken and filed, and a copy of the
order made on demurrer, or relating to a change of parties,
and a copy of the judgment," shall constitute the judg-
ment roll. 2 Comp. Laws, p. 300. And, though a plead-
ing is stricken from the files, it is still a part of the judg-
ment roll. *Abbott* v. *Douglass,* 28 Cal. 299. And an
order of the court striking out any pleading or rendering
judgment is "deemed to have been excepted to." 2 Comp.
Laws, p. 291. In this case the judgment recites that the
former order of the court was vacated, and that the de-
fendant's answer was stricken from the files as sham and
frivolous. The error complained of clearly appears in the
judgment roll. In order to consider the alleged errors of
the trial court, nothing need be brought into the record
except that which is not supplied by the judgment roll.
What was the necessity of a bill of exceptions? It would
only duplicate the record already before the court. "The
judgment roll itself is a record for appeal" (*Wetherbee* v.
*Carroll,* 33 Cal. 553), and there is not only no necessity
for further record, but it would be superfluous, and incum-
bering the record, to supply matters appearing in the roll.

In the case of *Zeile* v. *Moritz,* 1 Utah, 285, a demurrer
to the answer had been sustained, and judgment rendered
for the plaintiff. The appeal was taken upon the judg-
ment roll. The court say: "The judgment in this
case discloses the action taken by the court on the
demurrer. The recitals in it bring before us all the facts
necessary to enable the court to determine whether there
was error or not; that is, the sufficiency of the answer.
They accomplished all that could be accomplished by a
statement." Errors in pleading can be reviewed on appeal
from the judgment upon the judgment roll. *Putnam* v.
*Lamphere,* 36 Cal. 158; *Jones* v. *City of Petaluma,* Id.
232; *Smith* v. *Lawrence,* 38 Cal 28. In the case last cited

a demurrer to the complaint was sustained, and no exception taken. Upon appeal the court say, "Neither a bill of exceptions nor a statement is required where the record already presents the question of law and the decision of the court." The case of *Abbott* v. *Douglass, supra,* cited by respondent's counsel, sustains the view we have announced. After witnesses had testified for plaintiff and defendants, the court "ordered that the answer of O. D. Douglass * * * be * * * stricken out, and that thereupon the default of said Douglass be entered, and the plaintiff have judgment against said defendant for the sum of," etc. The appeal was taken from the judgment, and none of the grounds for striking out the answer were disclosed by the judgment roll. The court held, however, that the recitals in the judgment sufficiently indicated the errors complained of, and considered the case fully upon the merits of the pleadings, and held, among other things, that the answer was not sham and frivolous, and reversed the case. The many cases collected in the respondent's brief, and relied on to vindicate his contention as to the abortiveness of the appeal, are clearly distinguishable from the case under consideration. The judgment of the lower court is reversed, and the cause remanded, with directions that the defendant's answer be reinstated.

BARTCH and SMITH, JJ., concur.