(December 6, 1917.)

BENJAMIN JENSEN, Appellant, v. McCONNELL BROTHERS, a Copartnership, JOHN R. McCONNELL, FRANK A. McCONNELL, SARAH M. ANDERSON and CORA A. ANDERSON, Respondents.

[169 Pac. 292.]

PROMISSORY NOTE—PARTIAL FAILURE OF CONSIDERATION—CONTRACT OF RELEASE — ERRONEOUS ADMISSION OF PAROL EVIDENCE TO VARY CONTRACT.

1. The payor of a promissory note complains to the payee of partial failure of consideration and thereafter, before the maturity

---

Authorities discussing the question as to general rule that parol evidence is not admissible to vary, add to or alter a written contract are collated in note in 17 L. R. A. 270.

of the note, enters into a written agreement with payee, whereby the time for payment of the note is extended, and which agreement contains the following stipulation: "In consideration of the foregoing extension of time for the payment of the said note, the party of the second part, as a copartnership and each and both firm members thereof both as copartners and individually, does and do hereby expressly waive, satisfy, cancel, relinquish, discharge, and surrender each, any, and all claims, offsets, setoffs, counterclaims, choses in action, causes of action, debts, remedies, or rights to money, property, damages, or legal or equitable relief that it, they, or either of them, has or have against the party of the first part at the date of this agreement or at any time heretofore." *Held,* that in the absence of proof of imposition, fraud, duress, undue influence, mutual mistake or of unilateral mistake fostered by misrepresentation, the payor of such note may not prove an exception to such contract by parol, and it is error to admit oral evidence varying the legal effect of such contract.

2. A party will not be relieved from the terms of a written contract on the ground of mistake due to his negligence when it was within his power to have a stipulation inserted in the agreement which would have protected him fully. He is bound to assume any risk he might have provided against in the contract.

3. *Held,* that the trial court erred in refusing to instruct the jury to return a verdict for appellant and in refusing to set aside the verdict of the jury, and in entering a judgment for respondents.

[As to parol evidence to vary or add to a writing, see note in 56 Am. St. 659.]

APPEAL from the District Court of the Seventh Judicial District, for the County of Canyon. Hon. Ed. L. Bryan, Judge.

Action to recover upon promissory note. Judgment for respondents *reversed.*

J. P. Reed and Jackson & Walters, for Appellant.

Where there is no confidential relation involved, a party is not entitled to have a contract set aside on the grounds of fraud, mistake or misrepresentation, if such party negligently sign the contract. (*McNinch v. Northwest Thresher Co.,* 23 Okl. 386, 138 Am. St. 803, 100 Pac. 524; *Kimmell v. Skelly,* 130 Cal. 555, 62 Pac. 1067.)

A party will not be relieved of a contract on the grounds of mistake when it was in his power to have a stipulation inserted that would fully have protected him. (Elliott on Contracts, secs. 110, 192; *Soley v. Jones* (Mass.), 95 N. E. 94; *Curtis v. Albee*, 167 N. Y. 360, 60 N. E. 660.)

Where defendants in an action on a contract allege that they entered into the contract under a mistake, and there is no evidence that plaintiff knew that defendants had made such a mistake, there is no such mutual mistake as to defeat a recovery under the contract. (*Crane v. McCormick*, 92 Cal. 176, 28 Pac. 222; 9 Cyc. 394; Elliott on Contracts, sec. 112, p. 196.)

Where a release is general in its terms and there is no limitation by way of recital or otherwise, the releasor may not prove an exception by parol. The instrument itself is the only competent evidence of the agreement of the parties, unless avoided for fraud, duress or some like cause. (Elliott on Contracts, sec. 2061, p. 248.)

Where parties enter into a contract, reduce same to writing, and state the details therein, and it appears to be complete upon its face, the same cannot be defeated by showing a contemporaneous oral agreement not made after the execution of the contract, and there is no allegation of fraud or mistake in procuring the execution of the contract. (*Tyson v. Neill*, 8 Ida. 603, 70 Pac. 790; *Fralick v. Mercer*, 27 Ida. 360, 148 Pac. 906; 9 Cyc. of Evidence, 331; *Jacobs v. Shenon*, 3 Ida. 274, 29 Pac. 44.)

Plaintiff was entirely within his right in asking for an instructed verdict in his favor; and where this right has been denied by the trial court, it should be restored to the plaintiff on appeal without the ordering of a new trial. (*Exchange State Bank v. Taber*, 26 Ida. 723, 145 Pac. 1090.)

Finley Monroe and Scatterday & Van Duyn, for Respondents.

Plaintiff may introduce upon the trial evidence of any fact which contravenes or overcomes any new matter set up as a defense in the answer to the complaint, and the said rule

applies to the answer to a cross-complaint. (*Colton Land & Water Co. v. Raynor,* 57 Cal. 588; *Williams v. Dennison,* 94 Cal. 540, 29 Pac. 946; *Sterling v. Smith,* 97 Cal. 343, 32 Pac. 320.)

Where a vendor of realty makes false representations of a material fact, it is not a good defense to an action by a vendee seeking to relieve that such representations were innocently made. (*Kelly's Heirs v. Allen,* 34 Ala. 663; *Champlin v. Laytin,* 6 Paige (N. Y.), 189; affirmed, 18 Wend. (N. Y.) 407, 38 Am. Dec. 382; *Black v. Baskins,* 75 Ark. 382, 87 S. W. 647; *Crosby v. Meeks,* 108 Ga. 126, 33 S. E. 913; *Westerman v. Corder,* 86 Kan. 239, Ann. Cas. 1913C, 60, 63, 39 L. R. A., N. S., 500, 119 Pac. 868; *Watson v. Molden,* 10 Ida. 570, 581, 79 Pac. 503.)

Relief is frequently given where terms are used or omitted which give the instrument a legal effect not intended by the parties and different from the contract actually made, (*Benson v. Markoe,* 37 Minn. 30, 5 Am. St. 816, 33 N. W. 38; *Dolvin v. American Harrow Co.,* 125 Ida. 699, 54 S. E. 706, 28 L. R. A., N. S., 785, 792.)

In order to establish mistake in an instrument, it is sufficient to show that the parties had agreed to accomplish a particular object by the instrument to be executed, and that the instrument, as executed, is insufficient to effect the object. (*Leitensdorfer v. Delphy,* 15 Mo. 160, 55 Am. Dec. 137.)

BUDGE, C. J.—This is an action on a promissory note. Respondents admit the giving of the note but deny that it has not been paid, and allege that it was given as a part of the consideration for the purchase of certain land and a water right, and in their cross-complaint, allege in substance:

That on or about the 31st day of May, 1911, they purchased from appellant certain lands and a water right; and as an inducement thereto appellant verbally represented to respondents that there was a good and sufficient water right for the irrigation of 250 acres of the land; that respondents relied upon the representations and purchased the land and water right; that appellant failed and neglected to furnish any

water right, and respondents were compelled to, and did purchase a water right for the irrigation of 250 acres, paying therefor fifteen hundred dollars ($1500), which was alleged to be the amount of the damage; that at the time of giving the promissory note it was mutually verbally understood and agreed that there was to be a settlement of the question of water right when the note became due.

The answer to the cross-complaint put in issue the allegations thereof and, in addition to certain affirmative matter, not material here, alleged that in November, 1912, when one of the notes became due, respondents began making complaints with reference to the water right mentioned in the cross-complaint. For the purpose of finally settling all disputes between the parties a written contract was entered into on the 29th of November, 1912, wherein appellant agreed to extend the time of payment of the note then due for the period of one year. This agreement contains the following stipulation: "In consideration of the foregoing extension of time for the payment of the said note, the party of the second part, as a copartnership and each and both firm members thereof both as copartners and individually, does and do hereby expressly waive, satisfy, cancel, relinquish, discharge, and surrender each, any, and all claims, offsets, setoffs, counterclaims, choses in action, causes of action, debts, remedies, or rights to money, property, damages, or legal or equitable relief that it, they, or either of them, has or have against the party of the first part at the date of this agreement or at any time heretofore."

The cause was tried to a jury, who returned a verdict for respondents on their cross-complaint and judgment was entered thereon.

This appeal is from the judgment. Numerous errors are assigned in appellant's brief, but it will be unnecessary to discuss all of them, as a determination of the 8th, 9th, 10th and 11th assignments will necessarily dispose of the case. These are in substance:

That the court erred in refusing to instruct the jury to return a verdict for plaintiff; in refusing to set aside the

verdict, and in entering judgment for respondents; and that the evidence is insufficient to support the verdict or the judgment.

The whole case turns upon the effect to be given the written agreement of November 29, 1912, pleaded in the answer to the cross-complaint. The material part of this agreement has been quoted above. It is clear that if it is to be construed and given the effect that the broad and inclusive scope of its terms would seem to demand, it effectually closes every avenue of defense which respondents may have had prior to the date of its execution, or which may be in any manner brought within the issues sought to be raised by their answer and cross-complaint, but it is contended by respondents that the agreement does not express the real intention of the parties, that it was never intended to include any waiver of their alleged claim with reference to the water right, and upon this theory they were permitted to introduce oral evidence to that effect, over the objection of the appellant.

The trial court, proceeding upon the theory that such evidence was admissible and evidently regarding the weight and sufficiency thereof as matter peculiarly within the province of the jury, overruled the motion for an instructed verdict, refused to set aside the verdict and gave respondents judgment. But, in the absence of proof of imposition, fraud, duress, undue influence, mutual mistake or of unilateral mistake fostered by misrepresentation, the true rule, both upon principle and as settled by the great weight of authority, is that: "Where a release is contractual and general in its terms and there is no limitation by way of recital or otherwise, the releasor may not prove an exception by parol. . . . . " (3 Elliott on Contracts, sec. 2061, p. 248; 17 Cyc. 621; 10 R. C. L. 1021.)

Nor will one be relieved from the terms of a contract on the ground of mistake due to his negligence when it was within his power to have a stipulation inserted in the agreement which would have fully protected him. He is bound to assume any risk he might have provided against in the contract. (1 Elliott on Contracts, sec. 110, p. 192.)

Respondents do not dispute the execution of this contract. In fact, the respondent who signed it testified that he read the instrument before signing it. It follows that under the rule above stated the oral evidence referred to should have been excluded, and the refusal of the trial court to instruct the jury to return a verdict for appellant, and the refusal to set aside the verdict, and the subsequent action of the court in entering judgment for respondents, were erroneous.

In this case it will be necessary for the trial court to determine what is a reasonable attorney's fee to be allowed appellant and thereafter enter judgment as prayed for in appellant's complaint. (*Exchange State Bank v. Taber*, 26 Ida. 723, 145 Pac. 1090.)

The judgment is reversed and the cause is remanded, with instructions to the trial court to cause proceedings to be had in accordance with the views herein expressed. Costs are awarded to appellant.

Morgan and Rice, JJ., concur.