(No. 5136.   May 2, 1929.)

GUST GRAMKOW, Respondent, v. FARMERS COOPERA-
TIVE IRRIGATION COMPANY, LIMITED, Appellant.

[277 Pac. 431.]

E. B. Smith and Wm. M. Morgan, for Appellant.

George Donart and Norris & Sutton, for Respondent.

WM. E. LEE, J.—In answer to a complaint for the recovery of a sum of money, evidenced by an instrument in writing in the nature of a warrant or order, directing its treasurer to pay plaintiff said sum, defendant admitted the indebtedness and that it had made, executed and delivered the warrant or order in payment thereof. As a separate

defense, among other things, it was alleged that for a number of years defendant had followed the practice of paying its indebtedness by issuing orders on its treasurer, who was also president of a local bank, in which were kept on general deposit sufficient moneys to its credit to pay such orders, and particularly the order held by plaintiff; that, by an understanding with the bank, such orders were cashed as checks; that plaintiff was well aware of the custom of giving such orders in payment of its debts and the custom of the bank in cashing such orders; that the order was issued and delivered by defendant, and understood by plaintiff, as a check on defendant's checking account, payable upon presentation; that the order was delivered to plaintiff in New Plymouth, January 1, 1927, and was not presented for payment until after January 7, 1927, when the bank failed. It was also alleged that by reason of plaintiff's negligence in failing to present the order for payment within a reasonable time after its receipt, and while the bank was still open, defendant had been damaged in the amount of the order and, therefore, discharged from any obligation to plaintiff in the amount of the order.

The court ordered the separate defense stricken and sustained a general demurrer to the answer. On the failure of the defendant to further plead, judgment was made and entered for plaintiff, from which this appeal is prosecuted.

The important question in the case is whether the court erred in striking the separate defense. There is no issue here as to the purpose of the delivery of the writing. It is alleged in the complaint, admitted in the answer and realleged in the separate answer, that the purpose of the delivery of the order was the payment of the debt. What defendant desired to prove by parol was that, because of the existence of a practice or custom, with which the parties were familiar, its order in writing, directing its treasurer to pay respondent a sum certain, was not an order on its treasurer, but was, in legal effect, its check drawn on the Farmers State Bank of New Plymouth, directing it to pay respondent the identical sum. In other words, it desired,

by parol, to show the meaning of the writing to be other than what its terms plainly expressed.

The writing is plain and unambiguous; it needs no extrinsic evidence to explain its meaning. On its face, it purports to be an order on appellant's treasurer to pay respondent a sum of money. To permit appellant to prove that it was the intention of the parties that the instrument be deemed a check on a bank would constitute a plain violation of the rule against the admission of parol evidence to vary or contradict the terms of a writing. (22 C. J. 1070, 1075, 1169, 1177, 1184; *Hurt v. Monumental Mercury Min. Co.,* 35 Ida. 295, 206 Pac. 184; *International Harvester Co. v. Beverland,* 37 Ida. 782, 219 Pac. 201; *Central Bank of Bingham v. Perkins,* 43 Ida. 310, 251 Pac. 627; *Utah Construction Co. v. McIlwee,* 45 Ida. 707, 266 Pac. 1094.) And the legal effect of an instrument can, no more than its express terms, be varied or contradicted by parol. (*Mahas v. Kasiska, ante,* p. 19, 276 Pac. 315.) It is a well-settled rule also that, where the terms of a contract are plain and unambiguous, they cannot be varied or contradicted by evidence of usage or custom. (17 C. J., Customs and Usages, 508, and cases cited.) As said by Lord Lyndhurst, in *Blackett v. Royal Exch. Assur. Co.,* 2 Cromp. & J. 244, 149 Eng. Reprint, 106, 17 C. J. 511, note: "Usage may be admissible to explain what is doubtful; it is never admissible to contradict what is plain."

If evidence in support of the separate defense was not admissible, it is difficult to conceive in what way appellant was injured by the order sustaining the motion to strike. It is not error to strike a pleading in support of which evidence would not be admissible on the trial. "So a plea which alleges facts improperly varying the terms of the written instrument sued on will be stricken out." (31 Cyc. 618; *Roberts v. Mathews,* 77 Ga. 458; *Kelley v. Collier,* 11 Tex. Civ. App. 353, 32 S. W. 428; *Gregg v. Groesbeck,* 11 Utah, 310, 40 Pac. 202, 32 L. R. A. 266; *Noval v. Haug,* 48 Misc. Rep. 198, 96 N. Y. Supp. 708; *Roberts v. Investors' Sav. Co.,* 154 Ga. 45, 113 S. E. 398; *Artwein v. Link,* 108 Kan. 393, 195 Pac. 877; *McDowell v. Bowles,* 177 Iowa,

744, 157 N. W. 173; *Howard v. Breitung,* 172 App. Div. 749, 159 N. Y. Supp. 115; *Hendrix v. Beuhard Bros.,* 138 Ga. 473, Ann. Cas. 1913D, 688, 75 S. E. 588, 43 L. R. A., N. S., 1028.)

Judgment affirmed. Costs to respondent.

Budge, C. J., Givens, J., and Adair and Baker, D. JJ., concur.