(No. 5579.  April 16, 1931.)

FARM CREDIT CORPORATION, a Corporation, Appellant, v. W. C. MEIEROTTO, Respondent.

[298 Pac. 378.]

Alvin Denman, for Appellant.

D. E. Rathbun, for Respondent.

BUDGE, J.—In its complaint against the defendant, plaintiff alleged it entered into an agreement in writing with the defendant June 21, 1927, by the terms of which it was provided that, whereas the plaintiff was redemptioner under a sheriff's certificate of sale covering certain real property and proposed to assign the certificate to defendant, and whereas Olof Malmgren and another were claiming equities and rights of different nature in said premises adverse to the rights of the holder of the certificate, it therefore was agreed by and between plaintiff and defendant that the certificate of sale be assigned to defendant, he to tender to the sheriff the necessary amount to redeem the certificate and the plaintiff would guarantee peaceable possession of the premises as against Malmgren and the other or any person claiming under them and protect and defend against farm labor liens or the validity of the judgment under which redemption was made; that plaintiff would further guarantee that defendant be held harmless from either of said causes; and in further consideration of said assignment the defendant should, as early as danger of the aforesaid claims be past, pay to plaintiff an additional amount ($644.93); and if for any reason redemption could not be made the defendant would be released from liability.

Plaintiff further alleged that on August 30, 1927, in an action wherein several parties claiming interests in the land were parties, a judgment was entered whereby it was or-

dered and adjudged that defendant was entitled to the peaceable possession of the property in question as against Malmgren, and defendant was allowed and is now in the undisputed possession of said premises; and that on October 1, 1927, a judgment was entered in favor of defendant as against labor liens referred to in the agreement. By reason of these events plaintiff claimed the additional amount agreed to be paid by defendant under the written agreement was due, and prayed for judgment in said sum.

Answering the complaint defendant alleged that the administratrix of the estate of Malmgren, deceased, "is now prosecuting an action against this defendant to quiet title to the land referred to in the contract plaintiff recites," and that the action of the administratrix and the instant case had been ordered merged for the purposes of trial, each of said actions being against the defendant and involving the same land. As a conclusion the answer recites "there can be no liability against the defendant on the contract as set out by plaintiff until such time as the said action by the administratrix shall have been fully terminated; therefore defendant alleges that this action is and was prematurely commenced."

Upon consolidation of the two causes for trial proof was first submitted in the case of the Administratrix of Olof Malmgren, Deceased, *versus* Meierotto (defendant and respondent here). That was an action to quiet title to the land, record title to which had been in Malmgren. Malmgren had mortgaged the property and the mortgage had been foreclosed. The Farm Credit Corporation, plaintiff and appellant here, was the assignee of a judgment against Malmgren and by reason of that judgment had become a redemptioner of the property. Malmgren's estate sought to prove that the judgment under which the Farm Credit Corporation claimed a redemption right had been declared void and set aside and that Malmgren had not been divested of legal title to the land; therefore the respondent here (Meierotto) acquired no title whatever through the Farm Credit Corporation. The latter joined with the defendant Meierotto in the defense to that action.

In the case of Farm Credit Corporation against Meierotto the court found that the action was based upon the written contract hereinbefore referred to, and that the conditions, terms and obligations thereof on the part of plaintiff had not been performed or the time arrived when payment by defendant to the plaintiff of the additional sum agreed upon therein was due; that the administratrix of the Malmgren estate was still·claiming rights against the holder of the title under the mortgage foreclosure and that under the said contract the defendant Meierotto was to be held harmless as against said claims as a condition to mature plaintiff's claim; that plaintiff's action was prematurely commenced and should be dismissed without prejudice to the filing of a new action at any appropriate time. Judgment was entered accordingly, from which the plaintiff, Farm Credit Corporation, has appealed.

The contract upon which the Farm Credit Corporation relies for a recovery of the sum agreed to be paid by Meierotto guaranteed that Meierotto should be held harmless against attack upon the "validity of the judgment under which redemption is made," and liable for the payment of the additional sum agreed to be paid only when the "danger of the aforesaid claims is past." The terms of the contract are unambiguous and the parties must be held to have intended what is clearly expressed ·by the language used. (13 C. J., p. 524, sec. 485.) To be sure, the defendant Meierotto, in his answer to the action to quiet title, brought by the administratrix of the estate of Olof Malmgren, pleaded the judgment whereby he was decreed peaceable possession of the property. But that fact did.not preclude the Malmgren estate from asserting that the judgment under which Meierotto first obtained his rights in the property was void; which claim it was making in the action against Meierotto to quiet title to the land, tried simultaneously with the instant case.

It may be that as the matter now stands appellant is in a position to enforce its demand for payment of the additional amount agreed to be paid by Meierotto, by reason of the· disposition of the case of Mulliner, Administratrix of

the Estate of Olof Malmgren, Deceased, *versus* Meierotto, and final disposition of the other cause involving the validity of the judgment obtained by the assignor of appellant (*Farm Credit Corp. v. Mulliner*, 48 Ida. 306, 281 Pac. 1113, not disposed of at the time of the trial of the instant case). During the pendency of the two cases mentioned appellant's action against Meierotto was premature, under the terms of their agreement.

Judgment affirmed; costs to respondent.

Lee, C. J., and Givens, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.