(No. 5664.   July 2, 1931.)

JOHN J. EHLINGER, Doing Business Under the Name and Style of JOHN J. EHLINGER COMPANY, Respondent, v. WASHBURN–WILSON SEED COMPANY, a Corporation, Appellant.

[1 Pac. (2d) 188.]

A. H. Oversmith, for Appellant.

Abe Goff, for Respondent.

BUDGE, J.—Under an agreement dated September 14, 1928, respondent purchased from appellant five cars of peas, "f. o. b. cars Moscow." The peas had previously been shipped to appellant's processing plant at Moscow from near-by local points where grown. Under an arrangement with different railroad companies, appellant is granted what is known as transit privileges whereby, after peas have been received and treated at its plant, then sold for delivery by rail to some other point, usually eastern markets, appellant is given a rebate of the freight rate which

it pays to have the peas delivered originally to its plant. The transit privilege does not, however, apply to shipments to all points from the Moscow plant, and did not apply in this case, respondent directing appellant to ship the peas to Palouse, Washington.

Appellant refused to ship the peas in this instance until respondent refunded it. the freight rate it had paid in bringing them to Moscow. Respondent paid the amount demanded under protest, and brought this action to recover the same, upon the theory that his contract with appellant provided for delivery of the peas free on board cars Moscow, and did not require him to pay the freight in shipping them to the Moscow plant of appellant before his purchase thereof. The recovery sought by respondent was limited to the amounts paid as freight on three of the five cars purchased, it appearing from the record that he was not ultimately required to pay the freight on the other two cars. In defense of the action appellant admitted the sale of the peas and the signing of the contract for their delivery "f. o. b. cars Moscow," but alleged that it had been the custom to permit the shipper (appellant) to have the freight refund, and that it was by mutual inadvertence and mistake that this provision was not mentioned in the contract. Upon trial of the cause to the court without a jury, judgment was entered for respondent from which this appeal is prosecuted.

The binding agreement between the parties was specific to the point of providing that delivery of the peas purchased by respondent should be "f. o. b. cars Moscow." The abbreviation f. o. b. means "free on board" and indicates that the property purchased shall be delivered on board the cars without expense to the buyer at the point designated in the contract. (*Hatcher v. Ferguson*, 33 Ida. 639, 643, 16 A. L. R. 590, 198 Pac. 680.) The terms of the contract being plain and unambiguous, they cannot be varied or contradicted by evidence of usage and custom. (*Gramkow v. Farmers Co-operative Irr. Co.*, 47 Ida. 578, 277 Pac. 431.) The parties must be held to have intended what is clearly expressed by the language used. (*Farm*

*Credit Corporation v. Meierotto,* 50 Ida. 538, 298 Pac. 378.) The rule last stated applies in the absence of averment and proof of mistake (13 C. J., p. 524, sec. 485), but it must appear that the mistake was mutual, and the evidence must be clear and satisfactory, leaving but little, if any, doubt of the mistake. It must be made out by the clearest and most satisfactory testimony, such as to leave no fair and reasonable doubt that the writing does not correctly embody the real intention of the parties. A mere preponderance of the evidence will not suffice, and the burden of proof is on the party alleging the mutual mistake. (*Udelavitz v. Ketchen,* 33 Ida. 165, 190 Pac. 1029.) Furthermore, it has been held by this court that a party will not be relieved from the terms of a written contract on the ground of mistake due to his negligence when it was within his power to have a stipulation inserted in the agreement which would have protected him fully. He is bound to assume any risk he might have provided against in the contract. (*Jensen v. McConnell Brothers,* 31 Ida. 87, 169 Pac. 292.)

Appellant's defense is overcome by the application of the principles above stated. The order for the purchase of the peas unequivocally provided for their delivery free on board cars at Moscow, indicating their purchase without other expense to respondent at that point; the unambiguous terms of the contract cannot be varied or contradicted by evidence of usage and custom to the contrary (from which it would seem to follow that proof of the alleged mistake would be inadmissible); respondent denied that it was understood that he was to pay the freight claimed by appellant; the evidence permitted by the court to be introduced concerning the usage and custom, under the theory of mistake, is not of such cogency as to require a reversal of the findings; and it appears that it was through appellant's negligence that a stipulation for the payment by respondent of the disputed freight rate was not inserted in the contract, if such provision was in fact intended by it to be a part of the agreement.

We are of opinion that the evidence is sufficient to sustain the judgment of the trial court, and the judgment is therefore affirmed; costs to respondent.

Lee, C. J., and Givens, Varian and McNaughton, JJ., concur.