## William E. Hitson v. Walter A. Glascock.

### No. 120.

**State School Land — Actual Settlement — Void Sale.**—The Act of April 1, 1887, did not empower the Commissioner of the General Land Office to sell State school lands classed as agricultural to others than actual settlers thereon; and a sale to one whose application and affidavit duly stated that he was an actual settler, when in fact he was not, conveyed no title, and would not bar another person, who afterward settled on the land, of his right to purchase the same from the State. Following Metzler v. Johnson, 1 Texas Civil Appeals, 137.

APPEAL from Fisher. Tried below before Hon. William Kennedy.

*Ragland & Beall* and *Cockrell & Cockrell*, for appellant.—Under the Act of April 1, 1887, actual settlement on agricultural school land was a condition precedent to the acquisition of any title to or right in such land; and in an action of trespass to try title, plaintiff must show good title in himself. Acts of 1887, p. 85, sec. 9; Luckie v. Watt, 77 Texas, 262; King v. James, 14 S. W. Rep., 571; Taylor v. Burke, 66 Texas, 644; Martin v. McCarty, 74 Texas, 135.

*Rector, Thomson & Rector,* for appellee.——Where a purchaser of school land under the Act of April 1, 1887, pays to the Treasurer one-fortieth of the purchase money, and files his application, affidavit, and obligation with the Commissioner of the General Land Office, in accordance with said act, and the land is awarded to him by said Commissioner, the sale becomes effective from the time the application, affidavit, and obligation are filed in said office; and no one who has not an equity in the land prior to said date can attack the same for fraud in procuring the sale, or for failure of the purchaser to comply with the conditions of the sale, the State alone having the right to do this.   Acts 1887, p. 86, sec. 9; Nobles v. Cattle Co., 69 Texas, 434; King v. James, 14 S. W. Rep., 572; Decourt v. Sproul, 66 Texas, 368; Martin v. Brown, 62 Texas, 487; Culbertson v. Blanchard, 15 S. W. Rep., 701; Bryan v. Shirley, 53 Texas, 459; Gullett v. O'Connor, 54 Texas, 416.

STEPHENS, Associate Justice.——From the conclusions of fact, which we adopt, there being no statement of facts, it appears, that in the year 1890 appellee made application to purchase a section of school land in Fisher County as an actual settler, the land being classed as agricultural, and accompanied his application with the affidavit, as provided in the Act of 1887, that he had settled on the land.   A similar proceeding had been inaugurated in the name of his mother in 1888, who thereafter, joined by her husband, transferred her claim to him.   These applications, accompanied with the proper obligations, were accepted in succession by the Commissioner of the Land Office, and the required payments of interest were duly made.   Neither of said parties had at the dates of these applications, or at any other time, settled on the land, but were then, as well as up to the time of the trial, living on section 58, seven miles from the land in question.

After these applications had been made, appellant went into the actual possession of the land and settled upon it in good faith, as provided in the Act of 1887; and in August, 1890, forwarded to the General Land Office his application, affidavit, obligation, and partial payment, as required by said Act of 1887, to purchase the land as an actual settler, which were refused by the Commissioner of the General Land Office. Thereafter this suit was brought to dispossess him; and though the court found that he was an actual settler in good faith at the time of the trial, and had been since the 19th day of July, 1890, judgment was entered in favor of appellee, from which this appeal is prosecuted.

In the case of Metzler v. Johnson [1 Texas Civil Appeals, 137], the question here submitted was passed upon.   In addition to what is there said, we will only add, that according to our construction of the Act of 1887, providing for the sale of lands set apart for the benefit of the public free school fund, as the land was not subject to sale in the absence of an actual

settler, the Commissioner had no power to accept a purchaser for the land in controversy so long as it remained vacant and unoccupied. The condition did not obtain which authorized him to act until appellant settled upon the land.

Under a law empowering the Commissioner to issue a duplicate certificate for land where the original has been lost or destroyed, it has been decided that his power to issue the duplicate rests upon the fact that an original certificate once existed, and not upon the evidence of its original existence and loss; and hence that a duplicate issued where no original ever existed confers no right whatever. Gunter & Munson v. Meade & Bomar, 78 Texas, 638. The affidavit of appellee, as required by section 9 of the Act of 1887, that he had in good faith settled on the land, when in fact he had not, did not empower the Commissioner to sell the land to him or anybody else, because, as provided, in effect, in section 5, the land was not subject to sale until there was in fact an actual settler on it.

The judgment will be reversed and here rendered for appellant.

*Reversed and rendered.*

Delivered March 9, 1893.