W. H. MAY v. W. M. HOLLINGSWORTH ET AL.

Decided April 18, 1903.

School Land—Proof of Occupancy.

A certificate of three years' occupancy of school land issued by the Commissioners of the General Land Office is not conclusive against one who applied to purchase the land as an actual settler, and also brought suit to recover it by virtue of such application, before the issuance of such certificate.

Appeal from the District Court of Lubbock. Tried below before Hon. J. A. P. Dickson.

*C. R. Kinchen,* for appellant.

*Dillard & Overshiner, Beatty & McGee, L. S. Kinder,* and *Wm. J. Berne,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—Appellant sought to recover from appellees four sections of school land in Lubbock County, alleging that appellee Hollingsworth held the same under a transfer from appellee Nuckles, the original purchaser from the State.

After showing that the land had been duly placed on the market by the Commissioner of the General Land Office, and that it was subject to sale when appellant applied, in December, 1901, to purchase it, unless taken off by the previous sales to Nuckles, made April 29, 1899, and August 31, 1899, appellant offered to prove that he had complied in all respects with the law in force at the date of his applications providing for the sale of school lands to actual settlers, and that the section claimed both by himself and Hollingsworth as a home section had never been settled upon and occupied as a home by either of the appellees prior to appellant's settlement and application to purchase same. This evidence was excluded upon the ground that appellee Hollingsworth "held a certificate of proof of three years' occupancy issued by the Commissioner of the General Land Office July 18, 1902," which, though issued long after appellant's rights, if any, had accrued, and even after the institution of this suit, was held to be conclusive against him.

This ruling was erroneous and not warranted by the decision in Logan v. Currie, 95 Texas, 654, 5 Texas Ct. Rep., 250, cited to sustain it, which undoubtedly went very far in upholding decisions of the Land Commissioner, founded upon ex parte and false affidavits, in favor of one who had never been an actual settler. In that case, unlike this, the proof of occupancy was accepted and the certificate issued before the subsequent application to purchase was made. It would be extending the power of the Land Commissioner very much farther to hold that he could thus divest rights already fixed, and even after suit brought to enforce

them. This question was decided by us last week in the case of Lamkin v. Matsler, ante, p. 218.

The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*