## J. T. FRANKLIN v. S. G. KERLIN.

Decided May 2, 1903.

**1.—School Land Purchase—Proof of Occupancy.**

As against plaintiff, suing for State school land by virtue of actual settlement and an application to purchase it, a certificate of three years occupancy issued to defendant by the Commissioner of the General Land Office after plaintiff's rights had accrued and after commencement of the present action, is not conclusive.

**2.—Same—Acceptance of Application—Effect.**

The Commissioner's acceptance of an application to purchase school land as an actual settler thereon is not, as against a subsequent applicant, conclusive of such settlement.

Appeal from the District Court of Lubbock. Tried below before Hon. Jo A. P. Dickson.

*C. E. Coombes* and *J. Wilson Boyle,* for appellant.

*Wm. J. Berne,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by appellant to recover from appellee four sections of school land in Lubbock County.

After proving that the lands had been duly classified, appraised and placed on the market, appellant offered in evidence certified copies of his applications, with affidavits and obligations in due form, to purchase the same, dated June 24, 1901, and filed in the General Land Office June 28, 1901, offering also to prove that he had at the same time tendered to the State Treasurer the first payments as required by law. He further offered to prove not only that he was an actual settler at the date of his applications, as well as ever since, on the section applied for as his home section, but also that appellee had never been an actual settler on the section, one of the four in controversy, applied for by him, April 7, 1899, as his home section. This evidence was all objected to, and excluded because appellee exhibited to the court a certificate showing proof of three years occupancy of his home section filed in the General Land Office April 25, 1902, which was not only long after appellant's rights had attached, but also long after the institution of this suit.

The judgment must therefore be reversed and the cause remanded for the reason given in an opinion filed two weeks ago in the case of May v. Hollingsworth (ante, p. —), which was an appeal from the same court, presenting precisely the same ruling.

It is not, however, contended by counsel for appellee, in the clear and forceful written argument on file, that the proof of occupancy had any effect on appellant's rights, if any he had, which had already intervened, but it is strenuously insisted, so much so that we are urged to certify the question to the Supreme Court, that the acceptance by the Commissioner of the General Land Office of appellee's application to purchase his home section as an actual settler was itself conclusive proof of such settlement, at least against appellant, who was a subsequent applicant. Counsel seems to have overlooked the fact that this court decided to the contrary very soon after it was organized and has steadily adhered to the ruling ever since. Metzler v. Johnson, 1 Texas Civ. App., 137, 20 S. W. Rep., 1116; Hitson v. Glasscock, 2 Texas Civ. App., 617; 21 S. W. Rep., 710, and many subsequent cases, including Borchers v. Mead, 17 Texas Civ. App., 32, 43 S. W. Rep., 300, in which writ of error was denied by the Supreme Court.

These decisions have been followed, without dissent or exception so far as we are aware, by the other courts of civil appeals. Writs of error have doubtless been refused in many cases involving this question, but we do not take the time to look them up. Evidently the question is not an open one, and we would not be justified in now certifying it to the Supreme Court on account of anything that was decided in Heil v. Martin, 70 S. W. Rep., 430, and in Logan v. Curry, 95 Texas, 664, 69 S. W. Rep., 129, so much relied upon. These cases merely hold that one applying to purchase after patent or certificate of proof of

occupancy is issued can not question the sufficiency of the settlement involved in the original purchase.

Counsel for appellee quotes from article 4218j, Revised Statutes, the provisions making it the duty of the Commissioner of the General Land Office to prescribe regulations requiring purchasers of school lands to reside thereon "for three consecutive years next succeeding the date of their purchase," and to make proof of "such residence and occupancy" to him, and making it his duty to issue "a certificate showing that fact." He also quotes the provision declaring that "the sale shall be deemed and held effective from the date the affidavit and obligation are filed in the General Land Office." The conclusion is drawn from these quotations, with "next succeeding the date of their purchase" underscored, that the proof of occupancy required by the statute does not *purport* to cover or in any manner include the original settlement, which must antedate the sale, but is restricted to the residence or occupancy "next succeeding" it. Reviewing Logan v. Curry in the light of these quotations, and seeking to show that the question at issue here was necessarily involved in that decision, counsel proceeds as follows: "But the Supreme Court would not allow the actual settlement or collusion to be investigated because, as stated by the court, of the issuance of the certificate of occupancy. But as shown heretofore in this argument, the three years' occupancy begins immediately after the sale—that is, three years next after the day on which the sale is deemed complete, which day is that on which the affidavit and obligation are filed in the Land Office—and continues for three years; and it is into the occupancy during that period, and during that period only, that the Commissioner inquires before issuing his certificate; and his certificate covers only that period, and no time prior or after. Consequently, we fail to see why the issuance of the certificate of occupancy can prevent inquiry into the question of settlement at the time that the application was made.

"While the Supreme Court stated that the question—of the Commissioner passing on the question of actual settlement when the application was made, at the time that the Commissioner made the sale—was not necessarily involved in Logan v. Curry, nevertheless we think that it was. The court therein decided that such question could not be raised in that case; the certificate of occupancy covers only the three years elapsing after the sale and does not involve, and can not involve, the question of settlement prior to the sale; consequently, the only time that the Commissioner could determine the question of settlement prior to the sale was at the time time that he made the sale. And this we conceive to be the holding of Logan v. Curry, although the Supreme Court may not have thought so."

But if this be the proper construction, it only goes to prove that the decision in Logan v. Curry may have been wrong, and not that the ruling in this case was right.

*Reversed and remanded.*