## HENRY FORD v. W. T. BROWN.

### Decided July 1, 1903.

**1.—School Land—Purchase—Premature Application.**

An application for purchase of school land, prematurely filed, becomes effective after the land is placed upon the market unless the rights of a subsequent purchaser by valid application have intervened. Some difficulties in the application of this rule suggested.

**2.—Same—Actual Settler—Purchase of Additional Land.**

An application to purchase a survey of school land as a home, filed forty minutes before the filing of its appraisement, placed the land on the market, and entitled such applicant to the land as against an application, made after the filing of the appraisement, to purchase it as additional land to a home section, by one who was not, in fact, an actual settler on such home tract.

**3.—Same—Proof of Occupancy—Certificate.**

The certificate of the Land Commissioner of proof of occupancy made by a purchaser of a "home" section, did not conclude the question of such purchaser's actual settlement on such land and right to purchase other land in addition, as against an adverse claimant of such additional land, whose suit therefor was pending when such proof was made and certificate issued.

**4.—Practice on Appeal—Certified Question.**

The Court of Civil Appeals is not, it seems, precluded, by certifying a question to the Supreme Court, from considering, in disposing of it after the question is answered, other facts, inadvertently omitted in their certificate, and precluding the disposition of the case upon the principles involved in the certified question and its answer.

Appeal from the District Court of Concho. Tried below before Hon. John W. Goodwin.

*John I. Guion, W. A. Wright, G. H. Garland,* and *J. W. Hill,* for appellant.

*Jenkins & McCartney,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—On a former day of this term we certified certain questions of law arising in this case to the Supreme Court. Ford v. Brown, 96 Texas, 537. The opinion of the Supreme Court is referred to for the facts there found by us.

From the facts there stated, it appears that on August 23, 1897, at 12:05 o'clock p. m., appellee Brown, being an actual settler thereon, filed his application in proper form in the General Land Office, to purchase section 204, State school land, in Concho County, located under a certificate to Beattie, Seale & Forwood.

This application, however, under the decision of the Supreme Court, was premature, being made forty minutes before the appraisement of said section was filed in the office of the county clerk of Concho County.

On the same day, at 4:29 p. m., after the land was on the market, appellant Ford filed his application to purchase said section 204, as

additional land to his home section, which was section No. 2, H. T. & B. R. R. Co. lands. Ford, however, as found by the judgment, did not make his first payment on the land in controversy until November 2, 1897.

Ford's application to purchase his home section was filed August 21, 1897, and was in compliance with law, except as to his settlement thereon and first payment hereinafter mentioned.

The second question certified was as follows: "If said land was not subject to sale until said clerk had been so notified, could appellee acquire any interest or title in said land by virtue of his application filed in the General Land Office forty minutes before such notice was received by the county clerk of Concho County, said application having afterwards been rejected by the Commissioner of the Land Office?"

Appellee Brown, who filed the premature application, being the plaintiff in the case, and bound to recover, if at all, upon the strength of his own title, it did not occur to us that the validity of his application would be dependent upon facts which subsequently transpired with reference to the application of appellant Ford. Being under this impression, we failed to include in our certificate a fact which now appears to be of vital importance.

The jury in response to a special issue found that appellant Ford was not an actual settler on his home section at the time he applied to purchase it. Appellant complains of this finding as against the evidence, but after a careful examination of the statement of facts, we conclude that the evidence is sufficient to sustain the finding of the jury upon this issue.

From this it follows, in our opinion, that the application of appellant to purchase the section in controversy was invalid. In reaching this conclusion, we have not failed to consider the fact that after the institution of this suit, appellant, in accordance with Revised Statutes 1895, article 4218j, made proof of his three years occupancy of his home section and obtained the certificate of the Land Commissioner, which was introduced in evidence. We do not think that the question of actual settlement upon the home section would be concluded, either by the original acceptance of the application to purchase, or by the proof of occupancy before the Land Commissioner and the issuance of his certificate after this had become a material issue pending in this suit. Franklin v. Kerlin, 74 S. W. Rep., 592; May v. Hollingsworth, 74 S. W. Rep., 592; Lamkin v. Mastler, 73 S. W. Rep., 970.

While we did not in our certificate allude to any defect in the application of appellant Ford, yet the Supreme Court, in answering the question indicate the importance and the effect of this fact. They answer: *"As against one who applied to purchase the land after the notice had been received by the clerk,* the appellee did not acquire any right or title in the land by his application which was prematurely made." (Italics are ours.)

It may be true that the Supreme Court has not committed itself to the converse of this proposition, that is, that in the absence of a valid application made after the land was on the market, appellee would acquire title by his rejected premature application, which he could enforce as plaintiff in an action of trespass to try title. The establishment of this rule gives rise to some interesting speculations, as illustrated by the facts of this case.

There is no evidence in the record, aside from the continued occupancy of appellee and the fact that the application and obligation and money were not withdrawn, to indicate a renewal of the application by appellee, or an insistence on it after the land came on the market; and and if these facts are sufficient to show that appellee was insisting upon his application, would they not become operative eo instanti when the land came on the market so as to preclude any subsequent applicant from acquiring title? If not, what time must elapse before they would be given that effect? We can conceive that facts might possibly arise which would be tantamount to a renewal of the premature application, without actually refiling it after the land came on the market, but we do not think that we have such facts in this record.

Again, as we have stated, the first payment was not made by appellant on the land in controversy until November 2, 1897, appellee's application having been filed August 23, 1897. Suppose appellant had been an actual settler, but had failed to make his payment as stated, appellee would then have had a title which he could have maintained until November 2d, but could he have maintained it after that time? If not, how long will the title under a premature rejected application be held in suspense, to await the filing of a valid application after the land is placed on the market?

These and other difficulties suggest themselves to the writer as likely to arise in applying the doctrine which makes the validity of a premature application dependent upon the filing of a valid application after the land is on the market. We do not deem it necessary or proper to express any opinion, but simply suggest them as being possibly helpful in the final determination of the case.

Appellee has filed a motion requesting us to find the additional facts above stated with reference to the time of first payment by appellant on the land in controversy, and with reference to appellant's settlement on his home section, and to certify additional questions to the Supreme Court predicated on said findings. We have found the facts as requested, but we regard the intimation of the Supreme Court upon the question discussed as so strong under the circumstances that we are constrained to follow it in the disposition of the case, and overrule the motion to certify. We are impelled to this action upon the motion, not so much because we are free from doubt on the questions discussed, as because the decision of the case is such as to give the Supreme Court jurisdiction upon application for writ of error, and this course will.

probably effect a speedier disposition of the suit than to grant the motion to certify.

We have carefully examined the remaining assignments of error, and some of them are in effect disposed of in our findings of fact stated herein and in the certificate above referred to.

We find no error in the judgment, and it is accordingly affirmed.

*Affirmed.*

Writ of error refused.