WILLIAM H. STEVENS v. JOHN H. OAKS.

*Joint and several note—Extension—Release of surety.*

58 343
62 479
58 343
95 435
58 343
116 491

1. Extension of a note for a consideration and without the consent of a surety thereon releases the surety if the creditor knew the fact of suretyship.

2. The form of a note in being several as well as joint does not exclude proof that one of the signers is a surety only, who is bound by the obligation in the form he adopted.

3. Facts adverse to a plaintiff and not denied by him while on the witness-stand cannot be treated as in controversy.

Error to Montcalm. (V. H. Smith, J.) Oct. 23.—Oct. 28.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*Palmer & Lyon* and *J. C. Shields* for appellant.

*N. J. Brown* and *Mitchel & McGarry* for appellees. A surety is discharged by granting his principal an extension of time : 1 Pars. N. & B. 241 ; *Miller v. Stewart* 9 Wheat.

680; *Fellows v. Prentiss* 3 Den. 512; *Brigham v. Wentworth* 11 Cush. 123; *Wilson v. Lloyd* L. R. 16 Eq. Cas. 60; *Okie v. Spencer* 2 Whart. 253; *Smith v. Shelden* 35 Mich. 49; *Heffron v. Hanaford* 40 Mich. 307; *Ward v. Stout* 32 Ill. 399; a sole maker of a note may be a surety: Brandt on Suretyship 825; it may be shown by parol that one signed a note as surety: *Wilson v. Green* 25 Vt. 450; *Mariners' Bank v. Abbott* 28 Me. 280; *Bank v. Hoge* 6 Ohio 17; *Grafton Bank v. Kent* 4 N. H. 221; *Harris v. Brooks* 21 Pick. 195; *Carpenter v. King* 9 Met. 511.

CAMPBELL, J. Defendant was sued upon a note which he signed as joint maker with his brother C. S. Oaks in 1872. The note is in form joint and several. The defense was that defendant signed as a mere surety, and that C. S. Oaks was the principal debtor and had been given time by an extension to which defendant was not a party.

The testimony was uncontradicted that the money was lent to C. S. Oaks, and that the note was extended for a valuable consideration. There was nothing left for the jury unless there was some conflict. Plaintiff appeared as a witness and only testified that it was understood defendant was to be a joint maker. He did not contradict the transactions of loan or extension, or the fact that C. S. Oaks was the principal debtor.

The note took the form which plaintiff said it was to take, and in one respect a more favorable one for him, by being several as well as joint. But the form of the obligation does not prevent a showing that one of the parties was a surety. He was bound by the obligation in the form which he adopted. But it is elementary law that a creditor who knows of the fact of suretyship must not violate the rights of the surety. That plaintiff knew the nature of the transaction was shown and not denied. Having taken the stand and not denied it, the jury could not regard it as matter of controversy.

Upon the undisputed facts defendant was discharged, and no theories of law could lead to a different result.

The judgment must be affirmed.

The other Justices concurred.