# John B. Jones, Plff. in Err., *v.* Jenkintown National Bank.

Where one indorsed a demand note with an understanding with the bank which discounted it that he would not be pressed for immediate payment and that he would only be required to pay the interest on the note every

NOTE.—By § 81 of the negotiable instrument act of May 16, 1901, P. L. 194. it is provided that "delay in making presentment for payment is excused when the delay is caused by circumstances beyond the control of the holder, and not imputable to his default, misconduct, or negligence. When the cause of delay ceases to operate, presentment must be made with reasonable diligence."

six months, he cannot set up as a defense to a suit on the note the delay of notice and protest for eight months after the note was made.

(Argued February 1, 1888.   Decided March 19, 1888.)

January Term, 1888, No. 170, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Montgomery County to review a judgment in favor of the plaintiff in an action of assumpsit. Affirmed.

This action was brought by the Jenkintown National Bank of Jenkintown against John B. Jones, on a promissory note, payable on demand, made by T. Lloyd Fulmor in favor of John B. Jones, and indorsed by Jones for Fulmor's accommodation.

At the trial before SWARTZ, J., the following facts appeared:

The note in suit was for $1,500, dated April 30, 1885, and payable on demand. It was not protested until January 18, 1886. The note was given as a renewal for a similar demand note.

Andrew H. Baker, the cashier of the bank, testified as to the delay in protesting the note as follows:

"T. Lloyd Fulmor and John B. Jones appeared at the bank when the note in suit was discounted; Jones appeared before the board in reference to this; I was present at the board; in the first place he objected to giving a demand note, and he was assured by the board (I assured him myself) that there would be no immediate demand made for the note, and then Jones gave the note and paid the discount; the cause for the delay was the immediate collection of the note—or because, if a demand note was given, there could be a forced collection; he objected to giving the note on demand, because it would be pushed; we assured him that we would not press for immediate payment; . . . we wanted the interest and he paid the interest both times; Mr. Jones paid the interest on the note which was then due . . .; the interest on this note was to be paid about dividend time or every six months, which was not objected to."

Baker's testimony was confirmed by two other witnesses. The defendant denied that any such conversation took place. Two witnesses, who were with the defendant at the time, before the board, testified that they had no recollection of the facts alleged by the cashier.

The court charged *inter alia,* as follows:

· When you come to weigh the testimony, of course positive testimony is far more important than negative testimony, where parties merely say they have no recollection, or do not think it took place. If one man positively swears that he was there and heard an assertion, and another one says he has no recollection of its occurring at that conversation, but it may have occurred, of course the positive testimony ought to weigh more with the jury than the testimony of parties who simply say they think it did not occur, or have no recollection that it occurred. You will take these facts and if you find from these facts that the parties understood that it was agreed between them, if not in formal words, at least by their acts and by their language, that payment of this note was not to be exacted at once, but that time was to be given, then you will say whether it was necessary to make demand at once; whether it was reasonable, from the arrangement that was made between the parties (if you find there was an arrangement), that payment should be demanded at once and the note protested. You will say, from the conduct and the language of the parties, if you find them as stated by the plaintiff, whether it was not the intention of the parties that demand on this note should not be made until a later day, and that the defendant should have time if he could not pay this note at once, and that he should pay the interest upon it, and that, if he paid the interest upon it, the note was to run on.

Verdict and judgment for plaintiff.

The assignments of error specified the action of the court, in not directing a verdict for the defendant, and in submitting to the jury whether there was a waiver of notice of the default by the maker.

*G. R. Fox & Son,* for plaintiff in error.—A waiver of a right must always be intended and positively proved. It does not appear either that Jones knew his rights or intended to waive them. See Bank of Pennsylvania's Estate, 60 Pa. 471.

That the endorsement of the note was not the necessary writing is settled by Jack v. Morrison, 48 Pa. 116, in which the court says: "Nor was Jack's signature the requisite note in writing for it imported only an indorsement of commercial paper."

There is nothing whatever to charge this indorser with the

payment of this debt of Fulmor's, but the uncertain, confused and contradictory parol evidence—the very evil to prevent which the statute was enacted.  See Schafer v. Farmers' & M. Bank, 59 Pa. 150, 98 Am. Dec. 323.

There was no evidence whatever, in this case, of an express waiver by Mr. Jones, either verbal or written.  As to the alleged promise, plaintiff's own witnesses did not agree.  As to the promise of the bank to give time, it is settled that no such consideration can prevent the bar of the statute.  Murray v. McKee, 60 Pa. 36; Nugent v. Wolfe, 111 Pa. 479, 56 Am. Rep. 291, 4 Atl. 15.

Except in cases where the debt of another is extinguished, and others, perhaps, of a kindred nature, in which the contract shows an intention of the parties that the new promisor shall become the principal debtor, and the old debtor become but secondarily liable, the rule may be safely stated that while the old debt remains the new must be regarded as not an original undertaking, and therefore within the statute.  Maule v. Bucknell, 50 Pa. 52; Frey v. Heydt, 116 Pa. 601, 11 Atl. 535.

*B. E. Chain,* for defendant in error.—A common promissory note, payable on demand, especially if made payable with interest, is not necessarily to be presented the next day after it is received in order to charge the indorser; and where the indorser defends himself on the ground of delay in presenting the note it will be a question for the jury, whether under all the circumstances the delay of presentment was or was not unreasonable. Byles, Bills, p. 203; Williams v. Brobst, 10 Watts, 111.

In Vreeland v. Hyde, 2 Hall, 429, where a defendant indorsed a promissory note not for commercial purposes, which was payable on demand, and not protested until after nineteen months had elapsed, in a suit to charge the indorser, it was held that the rule requiring promissory notes, payable on demand, to be presented within a reasonable time was applicable to those made for commercial purposes, and was likened to a case of guaranty or suretyship, and that defendant was liable on his indorsement.

That protest of a note may be waived by indorser and he be liable, see Scott v. Greer, 10 Pa. 103, and Day v. Ridgway, 17 Pa. 303, where the evidence of waiver was long before the note matured.

The questions as to the agreement to extend the time of payment of this note, and the reasonableness of the delay in the

protest of the note, are questions to be determined by the jury. Byles, Bills, p. 203; McKinney v. Crawford, 8 Serg. & R. 351; Gurly v. Gettysburg Bank, 7 Serg. & R. 324; Dan. Neg. Inst. p. 543.

PER CURIAM:

This case was properly submitted, and as the jury have found that the delay in notice and protest resulted from the agreement of the defendant, he has no ground to require a reversal of the judgment.

The judgment is affirmed.