## PATRICK FOLEY v. THE EMERALD AND PHŒNIX BREWING COMPANY.

1. One who, being named as payee in a negotiable promissory note, places his name upon the back of it in order to give credit to the maker, must be regarded as a commercial endorser, when the note is delivered by the maker to a third party.

2. In order to bind an endorser, a promissory note payable " on demand after date" must be presented for payment in a reasonable time after its date.

3. The circumstances to be considered in determining what is a reasonable time for the presentation of such a note, are only those which relate to the ability of the holder, excluding any notion of credit or indulgence to the maker.

4. The rights and obligations of the endorser of a negotiable promissory note cannot be varied by parol evidence of his oral agreement made before or at the time of his endorsing the note.

On *certiorari* to the Essex Common Pleas.

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the plaintiff, *William C. Nicholl.*

For the defendant, *Thomas J. Lintott.*

The opinion of the court was delivered by

DIXON, J.    The transaction shown by the testimony in the Court of Common Pleas was as follows: The plaintiff's agent, Foley (the defendant), and one Kelly orally agreed together, on September 4th, 1895, that the plaintiff should lend Kelly $250, for which Kelly should give the plaintiff his

note, payable at a bank in Newark, "on demand after date," to the order of Foley, endorsed by Foley as surety, and that Kelly should pay $5 a week until the note was satisfied; that thereupon the note was so drawn, signed by Kelly and endorsed in blank by Foley and delivered to the agent, and then the plaintiff paid Kelly the $250; that Kelly afterwards paid weekly installments of $5 each until $180 were paid, and then ceased; that on June 10th, 1896, the plaintiff demanded payment of the note at the bank, and, payment being refused, gave immediate notice thereof to Foley, the endorser. On these proofs the Common Pleas decided that the endorser was responsible for the balance of the note. The endorser contends that such decision is erroneous.

It seems proper, in dealing with this controversy, first to consider the effect of the writing, irrespective of the oral agreement.

At the time when the defendant placed his name upon the back of the instrument and it was delivered to the plaintiff, the writing had no legal validity, and hence it was not a negotiable promissory note owned by the payee and by him transferred by endorsement to a third party. Its legal validity came into existence only when, on the strength of it, the plaintiff advanced the $250 to Kelly. The signature of the defendant therefore lacked this ingredient of a strict endorsement under the law merchant. Nevertheless, it seems that the defendant must be regarded as a commercial endorser. *Smith* v. *Becket*, 13 *East* 187; *Field* v. *Nickerson*, 13 *Mass.* 131; *Merritt* v. *Todd*, 23 *N. Y.* 28; *Jones* v. *Jenkintown National Bank*, 13 *Atl. Rep.* 84; *Perry* v. *Green*, 4 *Harr.* 61; *Johnson* v. *Ramsey*, 14 *Vroom* 279. Consequently, his obligation to pay, as evidenced by his endorsement, was conditioned upon due demand for payment being first made in accordance with the terms of the note.

The note was payable "on demand after date." In *Hitchings* v. *Edmands*, 132 *Mass.* 338, this expression was deemed equivalent to "on demand;" but in *Crim* v. *Starkweather*, 88 *N. Y.* 340, a distinction was noted. the words "on demand"

rendering the note immediately due, while the words "on demand after date" required that some time should elapse before demand could be made, and therefore, before the note became due. The New York case comports more exactly with the terms used, but plainly a demand forthwith after the day of the date would be in accordance with the contract. The question, therefore, on this note is, when after its date should the holder make demand of payment and give notice of default to the endorser, in order to make his obligation to pay absolute. The cases all hold that that must be done in a reasonable time; or, as it is sometimes stated, the holder must use due diligence.

The circumstances to be considered in determining whether a demand has been made in due time are scarcely suggested by the phrase "a reasonable time," but the form of the rule requiring due diligence in the holder indicates what, in *Merritt* v. *Todd*, 23 *N. Y.* 28, Chief Justice Comstock declared to be the true principle, that it is merely the reasonable ability of the holder which can be considered, excluding any notion of credit or indulgence to the maker.

On this principle it is manifest that due demand of this note was not made. There is not the slightest evidence of any reason, outside of indulgence to the maker, for postponing the demand from September 5th, 1895, until June 10th, 1896. It, therefore, is manifest that, unless the rights of the defendant as endorser can be affected by his oral agreement made before he signed his name, he cannot be held to pay the note.

In *Field* v. *Nickerson*, 13 *Mass.* 131, the opinion seems to favor the view that a contemporaneous understanding between endorser and endorsee that demand should be deferred, would bind the endorser, and in *Sice* v. *Cunningham*, 1 *Cow.* 397, it is said that proof of the endorser's assent to such an arrangement would undoubtedly preclude him from availing himself of the defence, that demand had not been made as by the mere terms of the note it ought to have been. To the same effect is *Jones* v. *Jenkintown National Bank*, 13 *Atl. Rep.*

84. But in *Perry* v. *Green*, 4 *Harr.* 61, 63, Chief Justice Hornblower, expressing the opinion of this court, said : " It may well be doubted whether parol evidence of any agreement to extend the time of payment, or, in other words, to alter the force of a written contract, would be admissible." The doctrine thus doubted seems now to be completely repudiated in this state, and the principle to be firmly established that the signature upon a negotiable promissory note, made by a party thereto, imports a precise agreement, constructed by the law merchant upon the tenor of the note, which cannot be varied by parol evidence of any preceding or contemporaneous oral arrangement. *Chaddock* v. *Vanness*, 6 *Vroom* 517; *Johnson* v. *Ramsey*, 14 *Id.* 279 ; *Middleton* v. *Griffith*, 28 *Id.* 442. In case of the endorsement of such a note by the payee, one of the provisions of his agreement thus implied is that his conditional obligation to pay the debt shall be discharged, if demand be not made of the maker according to the terms of the note.

In view of these decisions we must conclude that the present defendant's right to be discharged, because of the plaintiff's failure to demand payment of the note before June 10th, 1896, could not be impaired by the parol evidence of his contemporaneous agreement for the indulgence of the maker.

It follows that the judgment of the Common Pleas in favor of the plaintiff should be reversed.