OPPENHEIMER et al. v. KRUCKMAN et al.

(Supreme Court, Appellate Term. June 22, 1903.)

1. BILLS AND NOTES—CONTEMPORANEOUS ORAL AGREEMENT—EVIDENCE.
   Evidence of what was said between the parties to a promissory note at the time of its execution cannot be received to contradict or vary its terms.
2. TRIAL BY COURT—RECEPTION OF EVIDENCE.
   Where, in an action tried to the court, no proper objection was made to the admission of incompetent evidence, the court could enter a judgment based on a holding that the evidence was incompetent.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Sarah Oppenheimer and others against Samuel I. Kruckman and another. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Frederick B. Downing, for appellants.
Kronfeld & Harris, for respondents.

GILDERSLEEVE, J. The action is on two promissory notes made by defendants in favor of plaintiffs, and delivered to the latter. The defense, under an amendment to the answer allowed at the trial, was that at the time of the making and delivery of the notes there was a verbal agreement between the parties to the effect that, should defendants thereafter dissolve partnership, the notes were to be returned to defendants, and also defendants were to return to plaintiffs the certificates for the whisky in bond, which had been delivered to defendants by plaintiffs at the time of the making and delivery of the notes, and for which the notes were given, and that there was a subsequent dissolution of said partnership.

There is a conflict of evidence as to the facts. One of the plaintiffs swears as follows, viz.:

"Q. What was said about the notes [at the time of the making and delivery], and what was said about the conditions? A. There were no conditions."

The justice received all the defendants' evidence as to the oral conditions, and then gave judgment in favor of plaintiffs for the full amount. Although the record does not disclose the particular grounds upon which the justice based his decision, the appellants' counsel states that it was based, not on the weight of evidence, but upon the authority of the case of Jamestown College v. Allen, 172 N. Y. 291, 64 N. E. 952. The facts in that case were somewhat similar to those in the case at bar, and the court held that:

"The general rule that evidence of what was said between the parties to be a valid instrument in writing, either prior to or at the time of its execution, cannot be received to contradict or vary its terms, applies to promissory notes and bills of exchange."

The appellants' counsel claims that respondents' counsel did not sufficiently object to the admission of the parol evidence offered by defendants to vary the terms of the written contract. Assuming this to be so, it will be remembered that the case was tried by the court without a jury, and when evidence has, upon the trial, been received without objection, the trial judge may, in the exercise of his discretion, subsequently strike it out, if it was incompetent when received. See In re Lasak, 131 N. Y. 628, 30 N. E. 112. If the trial justice, upon looking over the case for decision, determined to disregard the incompetent evidence that appeared upon the record, he was within his powers in so doing, even if such evidence had not been properly objected to by the plaintiffs.

We find no sufficient reason for a reversal. Judgment affirmed, with costs. All concur.