(May 24, 1915.)

## J. G. FRALICK, Respondent, v. R. H. MERCER, Appellant.

[148 Pac. 906.]

CONTRACT—DAMAGES—PLEADINGS—AMENDMENTS—MOTION TO STRIKE—INSTRUCTIONS.

1. Where an action is brought on a written contract and as a defense the defendant pleads a contemporaneous oral agreement to the effect that it released him from a performance of the written contract, the court did not err in striking out such defense on motion.

2. The general rule is that a plea or answer setting up a parol contemporaneous agreement inconsistent with the contract sued on is bad on demurrer or may be stricken out on motion.

3. *Held*, that the court did not abuse its discretion in denying defendant's motion to amend his answer.

4. *Held*, that the court did not err in giving certain instructions and that the instructions given by the court correctly stated the rule for the measure of damages applicable in this case.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. Robert N. Dunn, Judge.

Action to recover damages for breach of contract. Judgment for plaintiff. *Affirmed.*

McFarland & McFarland, for Appellant.

Appellant had refused to sign the contract, and would not have signed it had not respondent agreed that he would not hold him to a strict fulfillment thereof, and promised that no action for damages would be brought for the nonfulfillment of the contract. Said promises of respondent were the consideration for appellant's executing the contract, and are not in the nature of an oral agreement tending to vary or change the terms or conditions of a written agreement. (17 Cyc. 638 et seq.)

"Parol evidence is admissible to show that an instrument was never intended by the parties to become operative as a valid binding obligation." (9 Ency. Evidence, 335.)

This oral agreement does not in any sense conflict with the contract, nor does it vary, contradict or change the terms of the contract, because nothing is mentioned in said contract in regard to damages. There may be an independent oral agreement as to matters on which the written contract is silent, and which is not inconsistent with its terms. (9 Ency. Evidence, 350 D.)

Parol evidence is admissible to show the rescission of a contract in writing by a subsequent parol agreement between the parties thereto. (9 Ency. Evidence, (5) 359; 9 Cyc. 597, 598.)

This court has more than once held that great liberality must be exercised in the allowance of amendments to pleadings. (*Kroetch v. Empire Mill. Co.,* 9 Ida. 277, 74 Pac. 868; *Dunbar v. Griffiths,* 14 Ida. 120, 93 Pac. 654.)

Ezra R. Whitla, for Respondent.

The written contract provides explicitly for the delivery of 50,000 ties; the defendant sets up a contemporaneous parol agreement that he did not have to deliver this number of ties. The parol contract is not only inconsistent with the written contract, but absolutely abrogates it.

"A plea or answer setting up a parol contemporaneous agreement inconsistent with the written contract in suit is bad on demurrer." (9 Cyc. 733; *Fitzgerald v. Burke,* 14 Colo. 559, 23 Pac. 993; *Fort Scott Coal & Min. Co. v. Sweeney,* 15 Kan. 244; *Thisler v. Mackey,* 65 Kan. 464, 70 Pac. 334; *Jacobs v. Shenon,* 3 Ida. 274, 29 Pac. 44.)

This is the universal rule and is sustained by all the authorities. (*Merrill v. Young,* 5 Kan. App. 761, 47 Pac. 187; *Daly v. Kimball Co.,* 67 Iowa, 132, 24 N. W. 756; *Kinnard Co. v. Cutter Tower Co.,* 159 Mass. 391, 34 N. E. 460; *Davis v. Robinson,* 71 Iowa, 618, 33 N. W. 132; *Engelhorn v. Reitlinger,* 122 N. Y. 76, 25 N. E. 297, 9 L. R. A. 548; *Wheaton Roller Mills Co. v. John T. Noye Mfg. Co.,* 66 Minn. 156, 68 N. W. 854; *Ryan v. Cooke,* 172 Ill. 302, 50 N. E. 213; *Lilienthal v. Suffolk Brewing Co.,* 154 Mass. 185, 26 Am. St. 234, 28 N. E. 151, 12 L. R. A. 821.)

The question of permission to amend a pleading, especially during the trial of a case, is always entirely within the discretion of the trial judge, and unless it appears clearly that that discretion has been abused, his ruling thereon will not be reviewed or interfered with. (31 Cyc. 368; *Anthony v. Slayden,* 27 Colo. 144, 60 Pac. 826; *Lowe v. Long,* 5 Ida. 122; 47 Pac. 93; *Small v. Harrington,* 10 Ida. 499, 79 Pac. 461.)

Defendant's proposed amendment came too late to allow him to interpose the same, as to be allowed or permitted to amend at this time would certainly have been a case of great injustice against the plaintiff. (*Garrison v. Goodale,* 23 Or. 307, 31 Pac. 709.)

Where an amendment is sought after the trial is commenced the party asking to amend should make a good and sufficient showing as to why the amendment was not made sooner, and in the absence of such showing the disallowance of the amendment is no ground for complaint. (*Phenix Ins. Co. v. Stocks,* 149 Ill. 319, 36 N. E. 408; *Phenix Ins. Co. v. Caldwell,* 187 Ill. 73, 58 N. E. 314; *Loverin-Browne Co. v. Bank of Buffalo,* 7 N. D. 569, 75 N. W. 923; *Dublin v. Taylor B. & H. R. Co.,* 92 Tex. 535, 50 S. W. 120.)

SULLIVAN, C. J.—This action was brought to recover from the defendant, who is appellant here, the sum of $1174.06 damages for an alleged breach of a written contract to furnish a certain number of railroad ties. The written contract declared on was attached as an exhibit to the amended complaint and made a part thereof.

By the answer the defendant virtually admitted that he entered into a contract with the respondent to furnish him a certain number of railroad ties at certain prices, and admitted that he signed the contract set forth as an exhibit to the complaint, and avers that said contract was presented to him by the respondent and he (the appellant) kept it in his possession without signature for about three weeks, when the respondent inquired of him what he had done with it and why he had not signed and returned it to him, and appellant replied that he had not signed the contract and did not intend

to do so, because he could not furnish the ties therein mentioned at the prices therein stated; that thereupon respondent stated to appellant that he need not furnish all of the ties mentioned in said contract, but that it would be satisfactory if he would furnish as many as he was able to and could furnish, and requested appellant to sign said contract, and thereupon appellant stated to respondent that he would sign the contract and furnish all of the ties he could for the prices mentioned in the contract, but would not furnish all of them, provided there would be no damage suit brought by respondent against appellant for failure to furnish all of the ties mentioned in said contract. Thereupon respondent promised and agreed that there would be no damage suit brought by him against appellant by reason of his failure to furnish all of the ties called for by said contract, and that appellant could furnish just such number of ties as he saw fit under said contract. Thereupon appellant signed said contract as of the date it was prepared and thereafter delivered to respondent a part of the 50,000 ties called for by said contract.

On motion of respondent this affirmative defense was stricken out. The case was thereafter tried to a jury and during the trial counsel for appellant stated to the court that he desired to submit an amendment to his answer. Thereupon the court advised appellant's counsel to prepare the amendment at the noon hour and submit it in writing. Upon the convening of court, after the expiration of the noon hour, appellant presented to the court an amendment to his answer, and asked that the same be substituted in lieu of paragraph 1 of said answer, which had been stricken out. The proposed amendment to the answer, in addition to incorporating therein the written contract referred to in the answer and all of the affirmative matters theretofore stricken out by the court on motion of counsel for plaintiff, contained the further allegation that after the verbal agreement had been entered into between the respondent and appellant concerning the signing of the contract, and after appellant had proceeded to furnish some of the ties to respondent, appellant and respondent agreed that appellant should not furnish any

other or further ties under said agreement than those already furnished. The court thereupon refused to allow said amendment.

The case was thereafter tried to a jury and a verdict was entered in favor of the plaintiff for the sum of $1,123.78, and judgment was entered for that amount. This appeal is from the judgment.

Several errors are assigned which refer to the action of the court in sustaining respondent's motion to strike out appellant's affirmative answer and defense, and in refusing to allow appellant to amend his answer, and in giving and refusing to give certain instructions.

The first question presented is as to the action of the court in striking out defendant's affirmative defense. In that affirmative defense was set up a contemporaneous oral agreement made prior to the signing of said contract, whereby it was agreed that the defendant need not comply with his part of said contract.

The well-established general rule is that a plea or answer setting up a parol contemporaneous agreement inconsistent with the written contract sued on is bad on demurrer, or may be stricken out on motion. (See 9 Cyc. 733, and authorities there cited; *Fitzgerald v. Burke,* 14 Colo. 559, 23 Pac. 993; *Thisler v. Mackey,* 65 Kan. 464, 70 Pac. 334; *Jacobs v. Shenon,* 3 Ida. 274, 29 Pac. 44; *Tyson v. Neill,* 8 Ida. 603, 70 Pac. 790; *Newmyer v. Roush,* 21 Ida. 106, Ann. Cas. 1913D, 443, 120 Pac. 464.)

In *Burke v. Dulaney,* 153 U. S. 228, 14 Sup. Ct. 816, 38 L. ed. 698, the supreme court of the United States held that a written contract cannot be contradicted or varied by evidence of an oral agreement between the parties before or at the time of such contract. In that case it appears that the promissory note sued on had never been delivered as a present contract, and in a case of that kind parol evidence may be introduced to show that the delivery of the contract was only conditional and not delivered as a present contract. In the case at bar the contract was delivered and a number of thousand ties delivered under it in accordance with its terms.

Here the defendant by said affirmative defense alleged that he entered into an oral agreement with the plaintiff that he need not comply with the provisions of said contract in case he would sign it, and the court was clearly right in striking out any such an attempted affirmative defense, under the rule above stated.

It is next contended that the court erred in refusing to allow the appellant to amend his answer during the trial. The court was in the midst of the trial at the time the request to amend the answer was made. The court thereupon permitted the attorney to prepare his amendment, and upon presentation of it, it was ascertained that said amendment contained in part as a defense the identical contemporaneous oral agreement that had theretofore been stricken out, and as a further defense was averred an alleged oral release from the contract sued on, that said release was voluntary, etc.

The oral contemporaneous agreement above referred to, which was first alleged as a defense, was clearly inconsistent with the defense sought to be plead by the amendment, since the amendment plead an oral agreement releasing the defendant from the conditions of said contract. In the amendment it is averred that on or about the 1st of June, 1913, plaintiff, at the village of St. Maries, informed and notified the defendant that he need not deliver any more or other ties under said contract, and that defendant thereupon informed plaintiff that it was agreeable for him not to furnish any more or other ties under said contract, and it was there agreed that he need not furnish any more ties under said contract.

If the defendant had been released entirely from the provisions of said contract by a subsequent oral agreement made on or about the 1st of June, 1913, it was certainly remarkable that he did not plead that in his own original answer as a defense, instead of pleading the contemporaneous oral agreement that he did plead as a defense.

We think the court did not abuse its discretion in denying appellant's motion to amend, for such an amendment would change the whole theory of the defense.

This court held in *Small v. Harrington,* 10 Ida. 499, 79 Pac. 461, that an amendment to pleadings at any stage of the proceedings was largely within the sound discretion of the trial court, and in *Lowe v. Long,* 5 Ida. 122, 47 Pac. 93, that where, during the progress of a trial, defendant asks leave to amend his answer, and it is apparent that such amendment will entirely or materially change the issue, such leave is a matter of discretion with the trial court. By uniform decisions of this court, where the discretion of the trial court is involved, the exercise of that discretion will not be disturbed unless there be a clear abuse of such discretion.

Under all of the facts of this case, the trial court did not abuse its discretion in denying the defendant the right to amend. As touching upon this question, see *Garrison v. Goodale,* 23 Or. 307, 31 Pac. 709.

Where an amendment to an answer is sought after the trial has commenced, the party asking to amend should make a good and sufficient showing as to why the amendment was not made sooner, and in the absence of such showing, the disallowance of such amendment is not a ground for complaint. (See *Phenix Ins. Co. v. Stocks,* 149 Ill. 319, 36 N. E. 408; *Phenix Ins. Co. v. Caldwell,* 187 Ill. 73, 58 N. E. 314.)

Some objection is raised as to the correctness of the instructions given by the court, and it is contended that the court erred in advising the jury that it was admitted that the "plaintiff and defendant entered into a contract for the sale by defendant to plaintiff of 50,000 ties," and it is contended that this statement is not true. It is true that the defendant plead *in haec verba* said contract for the sale of 50,000 ties and then undertook to plead contemporaneous oral agreements to change said contract, and the court did not err in giving the instruction referred to.

It is contended that the rule laid down by the court in the instructions given for the measure of damages applicable to this case is not correct. We cannot agree with counsel in that contention. Upon an examination we find that the instructions state correctly the rule of damages applicable to this case.

Finding no reversible error in the record, the judgment must be affirmed, and it is so ordered, with costs in favor of the respondent.

Budge and Morgan, JJ., concur.