JOHN R. CARPENTER CO. v. HORNER.

1. PRINCIPAL AND AGENT—BREACH OF CONTRACT—EVIDENCE—QUES-
TION FOR JURY.

> In an action against the seller for the breach of a con-
> tract for the sale of lumber, the question as to whether M.,
> through whom the sale was made, acted as agent for de-
> fendant or as an independent broker, *held*, under the
> evidence, a question of fact for the jury.

2. EVIDENCE—AMBIGUOUS CONTRACTS—PAROL TESTIMONY.

> Where the contract was ambiguous as respects the party
> defendant, it was competent to aid it with parol testi-
> mony.

3. PRINCIPAL AND AGENT—ACCEPTANCE—RATIFICATION.

> Defendant's acceptance of an order from M. for lumber
> for plaintiff did not make M. defendant's agent by rati-
> fication, since in making said purchase M. was either act-
> ing on his own account or as agent of plaintiff, and the
> principle of ratification is not applicable. ·

Error to Osceola; Cutler (Hal L.), J.    Submitted
April 19, 1922.    (Docket No. 79.)    Decided October
2, 1922.

Assumpsit by John R. Carpenter Company against
William Horner for breach of a contract for the sale
of lumber.    Judgment for defendant.    Plaintiff brings
error.    Affirmed.

*R. B. Savidge* (*A. W. Penny*, of counsel), for appel-
lant.

*Arthur J. Butler* (*A. A. Worcester*, of counsel), for
appellee.

BIRD, J.    Plaintiff is a retail lumber dealer at
Jamaica, in New York.    Defendant is a manufacturer

of maple flooring at Reed City, in this State. Mr. Mershon, who figures in the controversy, is a broker or dealer in lumber in New York City.

On May 13, 1919, Mershon sent the following communication to plaintiff:

"WILLIAM D. MERSHON,
Room 145A, in the Tower,
One Madison Avenue, New York.
"May 13, 1919.

"JOHN R. CARPENTER CO.,
    "Jamaica, L. I.

"*Gentlemen:* On your inquiry of the 12th for delivery at Hempstead, L. I., I am pleased to quote one small car load 13-16x2¼" face clear Maple Flooring at $63.50 or 2½ face at $62.50. Freight allowed at the present rate. War tax on freight bill payable by purchaser. Cash discount 2 per cent. 10 days after delivery.

"Yours truly,
"WILLIAM D. MERSHON.

WDM/LF
Copy to William Horner."

The offer contained in this letter resulted in a verbal order from plaintiff by telephone between Mershon and plaintiff, on May 21, 1919. Mershon made a written memorandum of the order in accordance with their talk over the telephone, and sent one copy to the plaintiff and the other to defendant. This order read:

"Order No. 4456                    May 21, 1919
"M....WILLIAM HORNER, Reed City, Mich.
"Ship to John R. Carpenter Co., Jamaica, L. I.
"At Jamaica, L. I., N. Y.        When        will advise
"How Ship via Long Island Railroad.
                    Salesman Wm. D. Mershon
"Terms: 2 per cent. discount for cash    Buyer W. S.
                                            Webb
10 days after del. Freight
allowed at the present rate.
War tax on freight bill payable
by purchaser.
"25,000 feet 13-16x2¼ clear Maple Flooring    63.50

"Delivery point may be changed to Hempstead, L. I. if desired and so notified by purchaser,

"John R. Carpenter Company:

"You will please advise promptly when you want shipment.

"WILLIAM D. MERSHON.

"O. K. W. D. M."

Before plaintiff received its copy of the foregoing order it sent to Mershon, on May 21st, a written confirmation of the telephone conversation, in the following form:

"Jamaica, N. Y., May 21, 1919.

"Order No. A980.

"Mr. WM. D. MERSHON,

"1 Madison Ave., N. Y. C.

"Please ship consigned to us at Jamaica, N. Y., subject to terms and conditions printed below, the following:

"K. D. Mich. Maple Flg.

| "Quantity | | Price |
|---|---|---|
| 1 | car (25M.) 13-16x2¼ face clear | 63.50 |

To be shipped within 30 days.

"ALL INVOICES MUST SHOW THE ABOVE ORDER NUMBER.

"We will not accept any goods unless ordered on our regular printed form.    All prices are F. O. B. Jamaica, N. Y., unless otherwise specified.

"It is understood and agreed if the above order is not shipped by the time stipulated we have the privilege of buying the above goods in the open market and you agree to reimburse us for any loss sustained as a result thereof.

"Terms of settlement:  2 per cent. discount for cash in 10 days or 3 months' note from date of arrival unless otherwise agreed upon.

"JOHN R. CARPENTER COMPANY,

Per W. S. WEBB."

On May 22, 1919, Mershon wrote to defendant:

"WILLIAM D. MERSHON,
Room 145A in the Tower
One Madison Avenue, New York.
                            "May 22, 1919.

"WILLIAM HORNER,
    "Reed City, Mich.
                    SUBJECT—John R. Carpenter
                    Company, W. D. M.   Order No. 4456.
    "*Dear Sir:* On this order you will please note their
number A-980 and please mark shipping instructions
to read within thirty days and be governed accordingly.
                            "Yours truly,
                            "WILLIAM D. MERSHON.
WDM/LF.
Copy to Carpenter."

On May 23, 1919, defendant replied to Mershon:

"We have your favor of the 21st, enclosing the
Carpenter order, and note same carefully.   We are
willing to enter this as it only calls for a single car,
and will be governed accordingly."

Three days later defendant wrote to Mershon:

"We have your favor of the 22nd, and we have
marked the Carpenter order for shipment within 30
days, as you instruct."

The car of maple flooring was not shipped in 30
days and was never shipped.   Correspondence passed
between Mershon and defendant as to the delay and
later plaintiff took up the matter of delay directly
with defendant.   The correspondence dragged along
until June 1, 1920, a little over a year, when defendant refused outright to make the shipment.   By this
time the flooring had risen in price from $63.50 per
M. to $200 per M.   Plaintiff then began this suit to
recover the difference in price.

It was the claim of plaintiff that Mershon was acting as the agent of defendant in making the sale, that

defendant was liable for his acts, and that the contract was defendant's contract.

Defendant denied that Mershon was his agent, and asserts that he acted in this deal as an independent dealer; that he purchased the lumber of defendant and sold it at his own price; and that his company had no arrangement with him to act as agent in the sale of its products. These respective claims furnished the issues in the case. The trial court submitted the question of agency to the jury and they found for defendant.

1. Counsel complains because the trial court did not direct a verdict for plaintiff. It is argued that the court itself should have construed the contract as one made by defendant through Mershon, and that it erred in refusing to do so. There are many things in the record which support counsel in taking this view of the case: The way and manner in which the order was taken and confirmed by the parties; the signing of the order by Mershon as salesman; the fact that Mershon had previously sold lumber for defendant; the small commission he was receiving for making the sale and the fact that plaintiff took up the matter of delay directly with the defendant, all tend to support his theory. But, on the other hand, we have the positive testimony of Mr. Ralston, the sales manager of defendant, who practically conducted the business, that Mershon was not acting for defendant as agent in this matter, but was acting as an independent dealer, and that the sale was made to him personally. We are not able to say that the manner of making this sale was absolutely inconsistent with Mr. Ralston's testimony. The trial court could hardly overlook this item of proof and take notice of those items which supported plaintiff's theory. There are many other things in the record beside those mentioned which make for and against plaintiff's contention.

We are of the opinion that either theory could be read out of the testimony of this case and that a jury, after considering it, would be subject to no just criticism if they decided the question either way. The contract was ambiguous as respects the party defendant, and in view of this it was competent to aid it with parol testimony. *Stevens* v. *Oaks*, 58 Mich. 343. We think the court was in no error in submitting the question to the jury as it did.

2. Counsel makes the further argument that Mershon was defendant's agent in this matter by ratification. We are not impressed that there is any room in the testimony to apply that principle. One of two things is true, either Mershon made the purchase on his own account or as agent for plaintiff. We are unable to see anything in the conduct of the parties that would make the principle of ratification applicable.

There are other questions discussed but they have relation to the one question of agency, the only issue in the case. We have examined them, but find no reversible error in them.

The judgment will be affirmed.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.