(October 3, 1923.)

## THE INTERNATIONAL HARVESTER COMPANY OF AMERICA, a Corporation, Respondent, v. J. L. BEVERLAND, Appellant.

[219 Pac. 201.]

NEGOTIABLE INSTRUMENT — CAPACITY OF SIGNER — MAKER — WITNESS — PAROL EVIDENCE RULE.

1. One whose signature on a negotiable instrument clearly shows that he signed in the capacity of a maker may not show an oral agreement that he shall be deemed to have signed in a different capacity.

2. Where the question is in what capacity a party signed a negotiable instrument, parol evidence is admissible only if an ambiguity appears in the body of the instrument or in connection with the signature.

APPEAL from the District Court of the Sixth Judicial District, for Custer County. Hon. Ralph W. Adair, Judge.

Action on promissory notes. Judgment for plaintiff. *Affirmed.*

Peterson & Coffin, for Appellant.

It is competent in an action between the original parties to a promissory note for one whose name appears on the note as maker to prove that it was signed as a witness only. (*Figari v. Olcese,* 184 Cal. 775, 195 Pac. 425, 15 A. L. R. 192; *Thompson v. Wilkinson,* 9 Ga. App. 367, 71 S. E. 678; *Palmer v. Stephens,* 1 Denio (N. Y.), 471.)

Whitcomb, Cowen & Clark, for Respondent.

The overwhelming weight of authority upholds the rule that parol evidence is not admissible to modify, vary or alter

Publisher's Note.

1. Parol evidence as to whether one whose name appears on the face of a note signed as a witness or a maker, see note in 15 A. L. R. 197.

the terms of a written contract. (*Jacobs v. Shenon,* 3 Ida. 274, 29 Pac. 44; *Tyson v. Neill,* 8 Ida. 603, 70 Pac. 790; *Fralick v. Mercer,* 27 Ida. 360, 148 Pac. 906; *Jensen v. McConnell Bros.,* 31 Ida. 87, 169 Pac. 292; 9 Cyc., Evidence, 331.)

The rule applies to written contracts in the form of notes and bills just the same as in other forms of written contract. (*Jensen v. McConnell Bros., supra;* 10 R. C. L. 1021; see cases cited under note 16 of sec. 214, p. 1022.)

"The general rule is that bills, notes and other instruments of a similar nature are not subject to be varied, or contradicted by parol or extrinsic evidence." (22 C. J. 1089, and cases cited under note 31; *Oppenheimer v. Kruckman,* 84 N. Y. Supp. 129; *Foley v. E. & P. Brewing Co.,* 61 N. J. L. 428, 39 Atl. 650; *First Nat. Bank v. Dick,* 22 Pa. Super. Ct. 445; *Third Nat. Bank v. Reichert,* 101 Mo. App. 242, 75 S. W. 893; *Western Mfg. Co. v. Rogers,* 54 Neb. 456, 74 N. W. 849; *Billan v. Hercklebrath,* 23 Ind. 71; *Stapleton v. Monroe,* 111 Ga. 848, 36 S. E. 428; *Kulenkamp v. Groff,* 71 Mich. 675, 15 Am. St. 283, 40 N. W. 57, 1 L. R. A. 594.)

The note itself is unambiguous, and shows on its face that all are bound. (*Toon v. McCaw,* 74 Wash. 335, 133 Pac. 469, L. R. A. 1915A, 590; *Way v. Lyric Theatre Co.,* 79 Wash. 275, 140 Pac. 320.)

"The maker upon the face of a promissory note with whatever motive or purpose he may sign it, is bound by the contract which he signs, according to the legal effect and meaning of the words." (*Aud v. Magruder,* 10 Cal. 282.)

McCARTHY, J.—Respondent sued Thomas Vaughn, John Ostrom and appellant J. L. Beverland on three promissory notes, one for $2,149.99, due December 1, 1919, one for $2,149.98, due March 1, 1920, and one for $2,149.98, due June 1, 1920. The face of the first note, so far as pertinent, reads as follows:

"$2149.99.                    Mackey, Idaho, Sept. 1st, 1919.

"On or before the first day of December, 1919, for value received, I promise to pay to International Harvester Com-

pany of America (a Corporation organized and existing under the laws of the State of Wisconsin) or order, the sum of Twenty One hundred Forty Nine and 99/100 dollars with interest until paid at 8 percent. from date.

"The endorsers, sureties and guarantors severally waive presentment for payment, protest, notice of non-payment and diligence.

"Payable at Salt Lake City, Utah.

"Post Office Mackey, State Idaho.

"THOS. VAUGHN.

"JOHN OSTROM.

"J. L. BEVERLAND."

The others are similar in form. The principal defense was as follows: That appellant did not sign the note as a co-maker, but as a witness to the signature of Vaughn and Ostrom and received no consideration, all of which was known to respondent at the time; that the said note was accepted by respondent with said understanding and not otherwise. Judgment was entered against Vaughn and Ostrom by default. After trial judgment was entered against appellant for $7,320.88, principal and interest, with $79.60 costs. From this judgment appellant appeals. The first and principal assignment of error is that the court sustained an objection to testimony offered by appellant to substantiate the defense above expressly set forth. The second assignment of error concerns the cost bill.

Appellant signed the notes in question as a co-maker; there is nothing on their face to evidence any other intention.

"When a contract is reduced to writing and signed, it constitutes the final agreement of the parties as to its subject matter, and prior or contemporaneous oral agreements or statements, varying its terms, are not admissible." (*Beebe v. Pioneer Bank & Trust Co.*, 34 Ida. 385, 201 Pac. 717; *Gardiner v. Gardiner*, 36 Ida. 664, 214 Pac. 219; *Fralick v. Mercer*, 27 Ida. 360, 148 Pac. 906.) This rule applies in general to bills and notes. (*Jensen v. McConnell Bros.*, 31 Ida. 87, 169 Pac. 292; *Oppenheimer v. Kruckman*, 84 N. Y.

Supp. 129; *Foley v. E. & P. Brewing Co.,* 61 N. J. L. 428, 39 Atl. 650; *Third Nat. Bank v. Reichert,* 101 Mo. App. 242, 75 S. W. 893; *Western Mfg. Co. v. Rogers,* 54 Neb. 456, 74 N. W. 849; *Billan v. Hercklebrath,* 23 Ind. 71; *Stapleton v. Monroe,* 111 Ga. 848, 36 S. E. 428; 22 C. J., sec. 1443, p. 1089, note 31.) Appellant claims the rule does not apply where a party to a negotiable instrument seeks to prove an oral agreement that he shall be deemed to have signed the instrument in a different capacity from that indicated on the face of it. As to the exact point here involved, appellant cites three cases in support of the contention that one who has signed a note apparently as co-maker is permitted to show by parol evidence that he signed as a witness. They are: *Figari v. Olcese,* 184 Cal. 775, 195 Pac. 425, 15 A. L. R. 192; *Thompson v. Wilkinson,* 9 Ga. App. 367, 71 S. E. 678; *Palmer v. Stephens,* 1 Denio (N. Y.), 471. In the California case the party wrote the word "witness" after his name. Thus it appeared on the face of the instrument itself that he intended to sign not as co-maker, but as witness. The case is therefore not in point. The Georgia case is in point. The statement in the New York case is *obiter dictum.* On the contrary, it has been held that where one signs a note apparently as an indorser, without words of qualification upon the face of the note or attached to the signature, he is not permitted to show by parol evidence that he signed merely for the purpose of identification. (*Stack v. Beach,* 74 Ind. 571, 39 Am. Rep. 113; *Alabama Nat. Bank v. Rivers,* 116 Ala. 1, 67 Am. St. 95, 22 So. 580.) A good statement of the reasons for enforcing the parol evidence rule in such cases is found in *Day v. Thompson,* 65 Ala. 273:

"We are not willing to enlarge the scope of these exceptions. It would tend to destroy the growing value of commercial paper, and to impair a salutary rule of evidence, which was designed to correct the proverbial infirmities of human memory, and has done much to close the flood-gates against frauds and perjuries."

In determining whether or not one who has signed a written instrument may show by parol evidence that he

signed it as an officer of a corporation and not in his individual capacity, this court has held that he may do so only when some ambiguity appears in the body of the instrument or in the signature. (*Taylor v. Fluharty*, 35 Ida. 705, 208 Pac. 866.)  We conclude that this is the correct rule to apply in all cases where the question is in what capacity a party signed. (*Taylor v. Fluharty*, *supra*, and cases there cited.)  No ambiguity appears on the face of the note in the present case or in connection with the signature.  The body of the note and the signature show that appellant signed as a co-maker.  Therefore the trial court did not err in sustaining the objection to the oral evidence and rejecting the offer of proof.  Some courts have held that one signing a note as co-maker may show an oral agreement between himself and the payee that he was to be considered a surety. (*Gillett v. Taylor*, 14 Utah, 190, 60 Am. St. 890, 46 Pac. 1099; *Jennings v. Moore*, 189 Mass. 197, 75 N. E. 214; *Stevens v. Oaks*, 58 Mich. 343, 25 N. W. 309; *Harrington v. Wright*, 48 Vt. 427; *Hall v. Capital Bank of Macon*, 71 Ga. 715; *Smith v. Doak*, 3 Tex. 215; *Hardy v. Boyer*, 7 Ga. App. 472, 67 S. E. 205; 8 C. J., sec. 1348, p. 1033, n. 23.) The theory of these decisions is that this does not vary the terms of a written contract because the contract does not itself expressly state the relation of the parties but that relation is gathered from the place and manner of signing. (*Harmon v. Hale*, 1 Wash. Ter. 422, 34 Am. Rep. 816.)  If the contract itself stated in express terms that the party signed it in a certain capacity, this would govern.  (*Ibid.*) In short, the courts holding this view try to make out that permitting proof of such an oral agreement is not varying the terms of a written instrument.  In this, to our minds, they are not successful.  A more logical view is stated in a New Jersey case as follows:

"The doctrine thus doubted seems now to be completely repudiated in this state, and the principle to be firmly established that the signature upon a negotiable promissory note, made by a party thereto, imports a precise agreement, constructed by the law-merchant upon the tenor of the note,

which cannot be varied by parol evidence of any preceding or contemporaneous oral arrangement.'' (*Foley v. E. & P. Brewing Co.*, 61 N. J. L. 428, 39 Atl. 650.) See, also, *Woodward v. Foster*, 18 Gratt. (Va.) 200, at page 205.

The assignment of error concerning the cost bill is not well taken.

The judgment is affirmed, with costs to respondent.

Budge, C. J., and Dunn, William A. Lee and Wm. E. Lee, JJ., concur.