PETER J. BURKE *et al. vs.* HYMAN JACOBSON *et al.*

MARCH 15, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock and Hahn, JJ.

MURDOCK, J.  This is an action in assumpsit on a promissory note.  After trial in the Superior Court, which terminated in a verdict for the plaintiffs, the case is in this court on the defendants' exceptions: to the denial of their motion for a directed verdict and to the refusal of the trial justice to grant them a new trial.

On December 17, 1926, the defendants signed a promissory note as follows:

"Providence, R. I.

December 17, 1926.

$1,100.00

One year after date I promise to pay to the order of Peter J. and Mary A. Burke, Eleven Hundred

Dollars. Payable at Union Trust Co. of Providence, R. I. Value received for loan of $1,000.00 cash.

Due Dec. 18, 1927.

(Signed) Hyman Jacobson

Julia Jacobson."

Defendant Julia Jacobson contends that her intention, which was known to the payees, was to sign as an indorser of said note and, as notice of dishonor was not given, she was released from liability thereon. There is no indication on the note itself that this defendant intended to sign in any other capacity than that of joint maker. She signed in. a place where a joint maker would naturally sign and, as there is no ambiguity on the face of the note, parol evidence as to the capacity in which she intended to sign is not admissible. *International Harvester Co.* v *Beverland*, 37 Idaho 782; Brannon, Negotiable Instrument Law, 5th Ed., p. 248; *Brooks* v. *Josephson*, 47 R. I. 78. This defendant's contention has no support from the fact that the note appears to be in the singular since in Section 23 (ss 7), Chap. 227, G. L. 1923, it is expressly provided that: "Where an instrument containing the words 'I promise to pay' is signed by two or more persons, they are deemed to be jointly and severally liable thereon." This defendant further contends that there was no consideration to hold her as a co-maker of the note as she signed the same at the request of her husband.

The testimony for the plaintiffs is that the money was loaned to both defendants. On the issue thus raised the jury found for the plaintiffs, the trial justice has approved the verdict and, as there is ample testimony to support the verdict, the exceptions of this defendant are overruled.

Defendant Hyman Jacobson, a few days after the note in suit fell due, filed a voluntary petition in bankruptcy and listed among his liabilities this obligation to the plaintiffs. The plaintiffs did not file a claim in the bankruptcy pro-

ceedings; they prosecute the present suit on the alleged promise of this defendant to pay the note notwithstanding his discharge in bankruptcy.

The plaintiff Peter Burke testified that the defendant Hyman on different occasions promised to pay the note. On one occasion when such a promise was made, his wife, Mary A. Burke, was present and her testimony corroborated that of her husband.

According to the testimony of the plaintiffs the promise to pay was positive and unequivocal and, if believed, would render this defendant liable. 7 C. J. p. 412, §732. The defendant denied making such promise and there was consequently a direct conflict of testimony in this respect.

The jury on this conflicting testimony having found in favor of the plaintiffs and the verdict having been approved by the trial justice, we find no ground for disturbing the same.

The exceptions of both defendants are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*William H. McSoley & Harry A. Smith*, for plaintiffs.

*Adler & Flint, Walter Adler*, for defendants.